Presiding Judge: Iain D. Johnston
Magistrate Judge: Lisa A. Jensen
Filed date: 06/01/2022
Lead Case No.: 3:22-cv-50188




**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION** MDL No. 3030

## TRANSFER ORDER

**Before the Panel:*** Defendant Deere & Company moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, the Central District of Illinois. The litigation consists of six actions pending in four districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of six related actions pending in four districts.[1]

All responding plaintiffs, including plaintiffs in four potential tag-along actions, support centralization, but the parties disagree as to the appropriate transferee forum. While Deere proposes centralization in the Eastern Division of the Northern District of Illinois, plaintiffs in nine of the involved actions, in the first instance or in the alternative, propose centralization in the Western Division of that district. Plaintiff in the Eastern District of Tennessee *Underwood* action requests centralization in the Eastern District of Tennessee. Plaintiffs in two potential tag-along actions pending in the Central District of Illinois and the District of Minnesota suggest selection of their respective districts.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These putative class actions share factual issues arising from allegations that, through various anticompetitive practices, Deere has monopolized the market for repair and maintenance services for Deere agricultural equipment equipped with engine control units by restricting access to necessary repair-related software and diagnostic tools. The actions assert substantially identical claims under the Sherman Act, along with claims of unjust emichment or promissory estoppel, and seek identical relief. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.

---

* One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1 (h), 7.1, and 7.2.

We conclude that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation. The majority of the parties support centralization in this district, and it offers a geographically central and readily accessible forum for this nationwide litigation. Six of the involved actions are pending in this district. Finally, Deere represents that relevant witnesses and documents will be found at its headquarters in Moline, Illinois, which are reasonably nearby. The primary dispute between the parties is as to which division of the Northern District of Illinois would provide the most convenient transferee forum. We are not persuaded, however, that the difference in convenience between the Eastern and Western Divisions is significant. We assign the litigation to the Honorable Iain D. Johnston, who has not yet had the opportunity to preside over an MDL and who already presides over five of the involved actions. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Iain D. Johnston for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Roger T. Benitez
Nathaniel M. Gorton

David C. Norton
Dale A. Kimball
Madeline Cox Arleo

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ JACLYN PIECZKIEWICZ
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
June 7, 2022

**IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION** MDL No. 3030

**SCHEDULE A**

Northern District of Alabama

WELLS v. DEERE & CO., C.A. No. 3:22-00074 3:22-cv-50189

Northern District of Illinois

FOREST RIVER FARMS v. DEERE & CO., C.A. No. 1:22-00188
PLUM RIDGE FARMS, LTD. v. DEERE & CO., C.A. No. 3:22-50030
BROWN v. DEERE & CO., C.A. No. 3:22-50039

Western District of Oklahoma

FERRELL, ET AL. v. DEERE & CO., C.A. No. 5:22-00157 3:22-cv-50190

Eastern District of Tennessee

UNDERWOOD v. DEERE & CO., C.A. No. 4:22-00005 3:22-cv-50191