**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188<br>MDL No. 3030<br><br>Hon. Iain D. Johnston |
|---|---|

**JOINT STATUS REPORT**

Pursuant to the Court's January 10, 2023 Order (ECF No. 108), the parties respectfully submit this Joint Status Report, which sets forth the parties' positions on the effect of the Memorandum of Understanding entered into between Deere & Company ("John Deere") and the American Farm Bureau Federation on this action.

**John Deere's Position:**

Since entering the gas-powered tractor business in 1913, Deere has been helping customers keep equipment running in the field. To that end, Deere has been and remains committed to providing purchasers of Deere power equipment with a wide array of options for maintenance and repairs, whether handled by farmers themselves, independent repair shops or authorized John Deere dealers. Deere has long made available highly detailed repair information and tools—including technical manuals, operator's manuals, look-up of diagnostic codes, parts catalogs, quick reference guides, educational curricula, and installation instructions—to equipment owners and independent repair shops. The latest iteration of this commitment includes Deere's Customer Service ADVISOR (available from a John Deere dealership or directly from Deere), but the history includes a literal library of schematics, parts catalogs, and repair manuals. Deere also continually creates product information videos available via its YouTube channel, including many "how to" clips about maintaining, adjusting, and troubleshooting equipment.

Over the years, as technical advances and regulations have allowed, Deere has expanded repair resources available to customers and independent repair shops. Deere remains committed to doing so. For example, in the U.S. in 2023, Deere will introduce long-planned expansions to its Customer Service ADVISOR capabilities with new features that include transitioning certain functionality to a more user-friendly, web-based experience and providing access to secure software updates on select Deere equipment with 4G connections.

The Memorandum of Understanding ("MOU") is the latest embodiment of Deere's ongoing commitment to providing repair tools and resources and working alongside its customers and their advocates in the months and years ahead. The MOU is the result of lengthy and thoughtful negotiations with the American Farm Bureau Federation ("AFBF"), the "Voice of Agriculture" representing nearly 6 million farmer and rancher families in all 50 states plus Puerto Rico.[1] The MOU reflects the realities of maintaining and repairing today's sophisticated equipment given the regulations governing that equipment. It clarifies the availability of existing repair resources and emphasizes Deere's commitment to ensure repair resources are available for customers and independent repair shops on fair and reasonable terms. MOU at Section II. A-C.

Deere has consistently been at the forefront of the industry in working with its customers and their advocates to address repair access, and will continue to do so despite Plaintiffs' and others' attempts to malign their efforts. The MOU demonstrates Deere's commitment to ongoing collaboration with AFBF and the farm families they represent, including formalizing regular opportunities (at least semi-annually) for Deere to discuss ongoing technological developments and how these impact AFBF members. MOU at Section 1.D. How the MOU can be updated or

[1] *Who We Are: Farm & Ranch Families Working Together*, AM. FARM BUREAU FED'N, https://www.fb.org/about/who-we-are (last visited Jan. 27, 2023).

improved and any concerns with its implementation will be part of such discussions. *Id*. The MOU also anticipates there may be potential disagreement and provides a mechanism to help ensure those issues are heard. MOU at Section IV.B.

As laid out in the MOU, both Deere and AFBF believe that this type of direct dialog is the best way to understand and alleviate any concerns with the availability of repair tools and resources. MOU at Section III. In light of this, it is questionable whether Plaintiffs believe that continued litigation is in their best interest or those of the proposed class. As detailed in its Fed. R. Civ. P. 12(c) motion, Deere vigorously denies Plaintiffs' allegations of wrongdoing, and will continue to defend itself if Plaintiffs seek to maintain this litigation.

**Plaintiffs' Position:**

The Court's January 10, 2023 docket entry requested that the parties "explain[] the effect the memorandum of understanding between the Farm Bureau and John Deere providing for a right to repair has on this MDL." Rather than answer this simple question, Deere has chosen to editorialize about the merits of the MOU, merits which, in Plaintiffs' estimation, do not exist. In answer to the Court's inquiry, the MOU has no effect on the MDL. The MOU does not create enforceable obligations nor release claims. The MOU is voidable by Deere, reprises past undertakings which were unfulfilled, and amounts to a vague and uncertain commitment repeating Deere's historical narrative of conditioning the availability of tools on Deere's unilateral decisions concerning unspecified trade secrets, safety, and environmental issues, all of which are the subject of this litigation.[2]

[2] Several of these views are shared by the National Farmers Union and are set out in its recent statement regarding the MOU. *See Right to Repair*, NAT'L FARMERS UNION, https://nfu.org/wp-content/uploads/2023/01/FFF_R2R_01132023-1.pdf (last visited Jan. 27, 2023).

Moreover, Deere's suggestion that this extrajudicial, unenforceable, and illusory compact with a single agricultural trade group—of which Interim Co-Lead Counsel for Plaintiffs had neither knowledge of nor involvement in—is "in the best interests of the class" represents an attempt to interpose itself into the fiduciary relationship which exists between class representatives (represented parties) and Class Counsel on the one hand and the putative class on the other and to circumvent the procedures and roles defined in Federal Rule of Civil Procedure 23.

Dated: January 27, 2023

By: /s/ Adam J. Zapala
Adam J. Zapala
Elizabeth T. Castillo
James G. Dallal
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, Suite 602
New York, NY 10013
Telephone: (212) 201-6820
Facsimile: (917) 398-7753
abarnett@cpmlegal.com

By: /s/ Daniel C. Hedlund
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Kaitlyn L. Dennis
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

By: /s/ Tiffany D. Lipscomb-Jackson
Tiffany D. Lipscomb-Jackson
**JONES DAY**
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3876
tdlipscombjackson@jonesday.com

John M. Majoras
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939
jmmajoras@jonesday.com

Corey A. Lee
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
calee@jonesday.com

Amanda B. Maslar (6321073)
**JONES DAY**
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
amaslar@jonesday.com

mlooby@gustafsongluek.com
kdennis@gustafsongluek.com

Dennis J. Stewart
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
dstewart@gustafsongluek.com

By: */s/ Kenneth A. Wexler*
Kenneth A. Wexler
Justin N. Boley
Tyler J. Story
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com

*Interim Co-Lead Counsel for Plaintiffs*

Robert M. Foote (3124325)
Kathleen C. Chavez (6255735)
Elizabeth C. Chavez (6323726)
Bret K. Pufahl (6325814)
**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
10 W. State Steet, Suite 200
Geneva, IL 60134
rmf@fmcolaw.com
kcc@fmcolaw.com
ecc@fmcolaw.com
bkp@fmcolaw.com

*Interim Liaison Counsel for Plaintiffs*

Marc C. Gravino (6188531)
**WILLIAMS MCCARTHY LLP**
P.O. Box 219
Rockford, IL 61105
(815) 987-8936
mgravino@wilmac.com

*Interim Local Facilitating Counsel for Plaintiffs*

*Counsel for Defendant*
*Deere & Company*