UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188<br>Hon. Iain D. Johnston |

**DEFENDANT DEERE & COMPANY'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Deere & Company ("Deere") hereby moves for leave to file as supplemental authority the recent decision in *Lambrix v. Tesla, Inc.*, ECF 76, No. 23-cv-01145 (N.D. Cal. Nov. 17, 2023) [attached hereto], as further support for Deere's pending Motion for Judgment on the Pleadings in this case.

*Tesla* involves a similar antitrust putative class action, where plaintiffs challenged Tesla's repair policies. There, as here, plaintiffs took issue with the fact that they could not freely repair their Tesla vehicles as they could other cars, and instead needed to use a Tesla-approved servicer. There, as here, plaintiffs alleged that this amounted to a series of anticompetitive practices under the Sherman Act. And there, as here, a principal issue at the pleadings stage was whether the plaintiffs' complaint had plausibly alleged a viable single-brand aftermarket for purposes of *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992).

The district court held that it did not and dismissed the complaint, finding that the plaintiffs "have not established that Tesla repair services and Tesla-compatible parts are relevant single-brand aftermarkets." Op. at 16. The district court agreed that a plausible aftermarket requires a plausible primary market; but it assumed the latter given the defects with the former. Op. at 7-10. In particular, the court emphasized that the plaintiffs failed to satisfy the first and most "crucial"

requirement for establishing a single-brand aftermarket, because they failed to show that the "restrictions in the aftermarket are not generally known." Op. at 10. Namely, the plaintiffs failed to plausibly allege that "consumers are in fact unaware" of Tesla's supposed policies; indeed (as here) much of the complaint revealed that these purported problems were "widely documented." Op. at 11. And because plaintiffs failed to identify "any restrictions [that] are not generally known," their chosen single-brand aftermarket failed on the pleadings. *Id.*

The district court's opinion in *Tesla* is persuasive authority, and bears directly on issues presented in this case. A central part of Deere's Motion for Judgment on the Pleadings was that the Complaint failed to plausibly allege *any* cognizable lock-in problem, where consumers were unaware of Deere's repair policies. Motion for Judgment on the Pleadings (ECF 105), at 18-20. Applying settled principles of antitrust law, the *Tesla* court found that dispositive. And it offers sound reasons for this Court to do so too. Moreover, the *Tesla* court affirms, as a matter of logic and law, that a plausible aftermarket requires a plausible primary market from which it derives— a point that this Court specifically asked about during argument. *See, e.g.*, Aug. 7, 2023 Hearing, at 58:7-61:10.

Deere thus respectfully submits that this Court should consider *Tesla* as supplemental authority. *See, e.g.*, *Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 844 (N.D. Ill. 2010) (granting motion where supplemental authority was issued after conclusion of briefing, and was helpful with respect to issue presented in case). Deere has conferred with Plaintiffs' counsel about this motion, who have indicated that they take no position on it.

Dated: November 21, 2023

Respectfully submitted,

/s/ *Tiffany D. Lipscomb-Jackson*

John M. Majoras
jmmajoras@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

Tiffany D. Lipscomb-Jackson
tdlipscombjackson@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3876

Corey A. Lee
calee@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Amanda B. Maslar (6321073)
amaslar@jonesday.com
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Counsel for Defendant Deere & Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on November 21, 2023, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Tiffany D. Lipscomb-Jackson*