**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICE ANTITRUST LITIGATION | Case No. 3:22-cv-50188<br>MDL No. 3030<br><br>Honorable Iain D. Johnston |

**ORDER ON MOTION TO CITE SUPPLEMENTAL AUTHORITY**

With Docket Entry 155, Deere provided the Court with a recent decision by the United States District Court for the Northern District of California in *Lambrix v. Tesla, Inc.*, 23-cv-01145-TLT. This case involved some similar allegations and issues to this action. The Court appreciates counsel providing the case. But this decision does not change the Court's ruling on Deere's motion for judgment on the pleadings. Initially, the Court was hoping that this case would provide a fulsome discussion of whether in a *Kodak*-style single brand after-market claim a specifically defined primary market is necessary or at least to what extent that market would have to be pleaded. Although this decision contains a truncated discussion of that issue, it relies in large part on *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023). But *Epic Games* contains no real discussion of this issue either. The *Epic Games* court blasted right passed that issue and moved on to

address the aftermarket. And to the extent this decision discusses the specificity of the primary market (if one is required at all), the court "tentatively" found that the plaintiffs properly pleaded a submarket. Based on the allegations the Court gleans from this decision, those allegations were sparse compared to the allegations of a primary market in this case. Additionally, in this decision, based on the pleadings, the court found the allegations failed to allege that the restrictions in the aftermarket were "not generally known." Apparently pleading themselves out of court, the plaintiffs in that case alleged that the failures were "widely documented."

In contrast, in this case, the Complaint alleges in detail how Deere's representations regarding the ability to repair Tractors were—at best— contradictory and—at worse—false. The court in this decision also found that the allegations regarding information costs were conclusory. In contrast, this Court does not find the Complaint's allegations conclusory as described in the Memorandum Opinion and Order. Finally, in this decision, the court found that the plaintiffs failed to show significant switching costs. But, again, in contrast, the Complaint in this case—as well as common sense and judicial experience—establish that any switching costs are significant.

Entered: November 27, 2023                    By:_____
                                              Iain D. Johnston
                                              U.S. District Judge