UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE: DEERE & COMPANY REPAIR
SERVICES ANTITRUST LITIGATION

Case No.: 3:22-cv-50188
MDL No. 3030

Hon. Iain D. Johnston

## CASE MANAGEMENT ORDER NO. 4

The Court, having considered the Parties' Joint Request for an amended case management order at the September 19 Status Hearing, hereby enters an Order modifying the following case deadlines and discovery limits:

A. **Schedule for the Remainder of the Case**

| Event | Deadline |
|---|---|
| Rule 12 motion hearing | To be set by Court, if necessary |
| Deadline to serve Rule 26 initial disclosures | Tuesday, January 31, 2023 |
| Deadline to serve comprehensive Rule 34 requests for production[1] | Monday, February 13, 2023 |
| Deadline to file motion to compel on comprehensive requests for production | Friday, April 28, 2023 |
| Deadline for structured data productions to be substantially completed | Friday, July 28, 2023, or 90 days after the parties complete the meet and confer process on the requests calling for structured data and any disputes related thereto are resolved by Court order |
| Deadline for productions to be substantially completed | Wednesday, October 4, 2023 |
| Deadline to amend complaint and join parties | Wednesday, December 6, 2023 |
| Deadline for Rule 26(e) supplements. | Friday, August 30, 2024 |
| Close of fact discovery and deadline for Rule 26(a)(3)(C) reports | Friday, April 18, 2025 |
| Deadline for Plaintiffs to serve expert report(s) in support of class certification/merits | Friday, May 30, 2025 |

---

[1] The parties may serve additional, targeted Rule 34 requests for production until 90 days before the close of fact discovery.

1

| Event | Deadline |
|---|---|
| Deadline for Defendant to serve rebuttal class certification/merits expert report(s) | Monday, September 8, 2025 |
| Deadline for Plaintiffs to serve expert reply(ies) in support of class certification/merits | Monday, November 24, 2025 |
| Close of expert discovery | Monday, December 8, 2025 |
| Deadline to file *Daubert* motion(s) pertaining to class certification/merits experts | Tuesday, December 30, 2025 |
| Deadline to file opposition(s) to *Daubert* motion(s) pertaining to class certification/merits experts | Tuesday, February 24, 2026 |
| Deadline to file replies in support of *Daubert* motion(s) pertaining to class certification/merits experts | Tuesday, March 17, 2026 |
| Hearing on *Daubert* motion(s) pertaining to class certification/merits experts | To be set by Court, if necessary |
| Deadline for Plaintiffs to file Motion for Class Certification | 45 days from this Court's ruling on pending *Daubert* motion(s) pertaining to class certification/merits experts |
| Deadline for Defendant to file an opposition to Plaintiffs' Motion for Class Certification | 45 days from filing Motion for Class Certification |
| Deadline for Plaintiffs to file Reply in support of Motion for Class Certification | 45 days from filing opposition to Plaintiffs' Motion for Class Certification |
| Motion for Class Certification hearing | To be set by the Court, if necessary |
| Motion(s) for summary judgment | 45 days after both (1) the Court's ruling on all *Daubert* motion(s) and (2) the Court's ruling on the Motion for Class Certification or, if an appeal is sought, after the final appellate ruling |
| Opposition(s) to motion for summary judgment | 45 days from filing motion(s) for summary judgment |
| Reply(ies) in support of motion(s) for summary judgment | 30 days from filing opposition(s) to motion(s) for summary judgment |
| Rule 56 motion(s) hearing | To be set by the Court, if necessary |
| Court to hold status hearing to discuss pre-trial issues, including structure of trial, motions *in limine*, and final pretrial conference | 30 days after the Court's Ruling on Rule 56 motion(s) |

B. **Pleadings**

    1. All process has been served, and all pleadings have been filed. No party has an immediate plan to amend pleadings or add additional parties. Any motion that seeks leave to amend or supplement the pleading or to add parties, together with supporting

2

documents, must be filed and served on or before **December 6, 2023.** Defendant reserves its rights to oppose any motion to amend pleadings or add additional parties on any basis. To the extent Plaintiffs amend their pleadings to include additional class representatives, they shall produce these class representatives' documents and structured data, if any, promptly to Defendant.

2. Any motion that seeks to amend or supplement the pleadings must include a redlined version reflecting the changes contained in the proposed pleading. (*See* Fed. R. Civ. P. 15(a)).

3. The moving party may file a reply memorandum as a matter of right in connection with a motion for leave to amend a pleading. In such case, the initial motion and supporting papers must be filed no less than 21 days before the hearing date, and the reply must be filed no more than 7 days after the other side files its response arguing futility. The opening, opposition, and reply memoranda may not exceed 15 pages pursuant to Local Rule 7.1 unless otherwise authorized.

C. **Rule 26(a) Disclosures**

The parties do not believe any changes should be made in the form or requirement for disclosures under Rule 26(a). The parties held an initial 26(f) conference on December 7, 2022 and intend to make initial disclosures by January 31, 2023, that will include, at a minimum, the information set forth in Rule 26(a)(1)(A)(i)-(iv). If the parties disclose documents by category and location pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), they will not produce copies of the documents themselves concurrently with Rule 26(a) disclosures bit will do so later in response to discovery requests.

D. **Discovery & Discovery Limits**

The parties have done a reasonable investigation into their claims and at this time believe the following continuing discovery will be needed. Each party reserves its respective rights to seek discovery on additional topics, and each party reserves its rights to oppose discovery on additional topics. Where the parties have disputes regarding proposed discovery limits or issues, the parties have included both Plaintiffs' and Defendant's proposals on the issue.

Plaintiffs anticipate needing continuing discovery on at least the following subjects:

3

1. Basic discovery into Rule 23 factors for class certification;

2. Defendant's technology relating to its agricultural equipment with onboard computers known as electronic control units ("Tractors"),[2] including development and deployment;

3. Defendant's diagnostic and repair tools for its Tractors and the availability thereof;

4. The identity of and contact information (*e.g.*, address, phone, and email) for all Deere Dealers;

5. Diagnostic and repair on Tractors that only Deere Dealers can perform (*e.g.*, reprogramming of electronic control unit);

6. Diagnostic and repair on Tractors that non-Deere dealers can perform;

7. Defendant's relationship with trade organizations representing manufacturers' and alleged co-conspirator Dealers' interests on issues related to Tractor repair and right to repair;

8. Defendant's informational resources related to Tractor diagnosis and repair;

9. Alleged customer safety, security, and environment concerns that Deere has regarding providing software and informational resources necessary for repairs to non-Deere dealers;

10. Defendant's departments and/or personnel with responsibilities related to assisting Dealers and equipment owners with Tractor diagnosis and repair or creating informational resources related to Tractor diagnosis and repair;

11. Deere's representations regarding diagnostic and repair tools for its Tractors and the availability thereof;

12. Defendant's financial connections and interest in repair services purchased by Plaintiffs and/or debt incurred by Plaintiffs' purchases of repair services;

13. Consolidation in Defendant's network of authorized Dealers;

14. Defendant's alleged collusion with alleged co-conspirator Dealers in the repair services market;

15. Defendant's and alleged co-conspirator Dealers' conduct allegedly resulting in accessibility of repair tools and resources to farmers and independent repair shops;

16. Defendant's conduct concerning allegedly illegal tying of the sale of Deere repair services to Tractors);

---

[2] Capitalized terms used in this list shall have the meanings ascribed to them in the Consolidated Class Action Complaint.

4

17. Defendant's alleged monopoly leveraging conduct in the repair tools market to gain or maintain monopoly power in the repair services market;

18. The effect of Defendant's alleged anticompetitive conduct on the prices of Deere repair services sold in the United States during the Class Period;

19. Defendant's relationship with alleged Co-conspirator Dealers;

20. Alleged Co-conspirator Dealers' documents, books, and records in the possession, custody, or control of Defendant;

21. ESI considerations, such as location and extent of data and custodians;

22. Defendant's organizational structures and departmental responsibilities as they relate to the issues raised in this action;

23. Discovery to rebut Deere's affirmative defenses.

Defendant anticipates needing continuing discovery on the following subjects:

1. Rule 23 factors for class certification and facts underlying any expert analysis Plaintiffs proffer in support of certification;

2. The agricultural equipment purchased and/or owned by Plaintiffs, including but not limited to John Deere-branded equipment, and all repairs done to such equipment;

3. Information related to leasing or other financial arrangements Plaintiffs entered into to purchase John Deere-branded equipment;

4. Industry repair policies, services and tools, including diagnostic codes associated with John Deere equipment, pricing of services and tools across the industry; and Plaintiffs' and class members' knowledge thereof.

5. Customer support services and tools for John Deere-branded equipment, including information related to the pricing, availability, and capabilities of those services and tools, and Plaintiffs' and class members' use and knowledge thereof;

6. Regulatory requirements for the design and maintenance of John Deere-branded equipment;

7. Agreements entered into between John Deere and dealerships, customers and/or independent authorized dealers;

8. John Deere's proprietary software;

9. Plaintiffs' allegations regarding the "right to repair movement," including efforts to pass "right to repair" legislation and other related activities by advocacy groups;

10. The alleged impact on Plaintiffs' crops or other agricultural outputs that resulted from the actions allegedly attributed to John Deere in the CAC;

11. Damages allegedly suffered by Plaintiffs;

12. John Deere's alleged market share for the agricultural equipment referenced in the CAC and repair and maintenance services for the same;

13. Discovery to support John Deere's affirmative defenses.

The parties propose that fact discovery should be completed pursuant to the proposed schedule at Section A, *supra*. The parties intend to commence discovery immediately in light of the Court's statements at the September 8, 2022 status conference. *See* Tr. of Proceedings 8:18-25 (Sept. 8, 2022).

The parties jointly propose the following discovery plan:

1. Fact discovery must be completed on or before **Friday, April 18, 2025**. Privilege log procedures shall continue to be governed by the Joint Protocol for Production of Documents and Electronically Stored Information, which was agreed by the parties on November 1, 2022 and filed with the Court on November 18, 2022 (ECF No. 97). To facilitate the scheduling and taking of depositions, the parties will continue to follow interim deadlines for the production of documents and data:

    a. Rolling productions:

        i. A producing party shall begin rolling productions of documents in response to the first sets of requests for production of documents within 60 days after the parties complete the meet and confer process on the requests, custodians, and search methodology, as required by the Joint Protocol for Production of Documents and Electronically Stored Information and any disputes related thereto are resolved by Court order.

    b. Structured data production should be complete by the later of **July 28, 2023 or 90 days after** the parties complete the meet and confer process on the requests calling for structured data and any disputes related thereto are resolved by Court order.

    c. Document production should be substantially complete by **October 4, 2023 for any document request served on or before February 13, 2023.**

2.     Limitations on Written Discovery:

    a.     <u>Interrogatories</u>: Interrogatories will be counted in accordance with Fed. R. Civ. P. 33(a)(1). The parties must coordinate efforts and each side must avoid serving duplicative or unduly burdensome interrogatories.

        i.     <u>Plaintiffs</u>: Plaintiffs may jointly serve 35 interrogatories on Defendant.

        ii.     <u>Defendant</u>: Defendant may serve 25 interrogatories on each of the individual named Plaintiffs and 30 interrogatories on each of the corporate named Plaintiffs.

        iii.     Interrogatories must be served no later than 90 days before the close of fact discovery.

    b.     <u>Rule 34 Document Requests</u>

        i.     Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests to produce the parties may serve. Defendant may direct its requests to all Plaintiffs or, for any discrete issues, to an individually named Plaintiff. No rights, obligations, or objections available under the Federal Rules of Civil Procedure are modified by this paragraph.

    c.     <u>Requests for Admissions</u>

        i.     The parties will meet and confer in good faith to determine if a process for a stipulation and/or a deferred Rule 30(b)(6) deposition can be agreed to concerning various evidentiary issues addressed in the Federal Rules of Evidence ("FRE"), including authenticity (FRE 902 & 903), duplicates (FRE 1001(4) & 1003), the requirement for a sponsoring witness to establish authenticity or best evidence, and status of a document as a business record (FRE 803(6)). For any documents for which the parties cannot agree upon a stipulation, a party may serve, without limitation, any necessary requests for admission to address any potential evidentiary objections.

        ii.     With respect to requests for admission not pertaining to the evidentiary issues addressed in the prior paragraph, all parties must endeavor to coordinate to ensure that any such requests do not cause unnecessary duplication. With respect to such non-evidentiary issues, Plaintiffs may jointly serve 50 requests for admission on Defendant, and Defendant may serve 50 requests for admission on each named Plaintiff.

7

      ii.    Requests for Admissions must be served no later than 90 days before the close of fact discovery.

3. <u>Depositions</u>:

   a. <u>Plaintiffs</u>:

      i. Plaintiffs, collectively, may take no more than 20 Rule 30(b)(1) depositions of no more than 7 hours each. Depositions of expert witnesses or third parties, including any deposition of a former employee of Defendant who is not made available for deposition by that Defendant, will not be counted toward this limit.

      ii. Plaintiffs may take one Rule 30(b)(6) deposition of no more than 28 hours of Defendant, regardless of the number of designees identified to testify. Regardless of the number of designees identified to testify, this Rule 30(b)(6) deposition will be conducted in no less than 4 separate days.

   b. <u>Defendant</u>:

      i. Defendant may take one Rule 30(b)(1) deposition of no more than 7 hours each per corporate named Plaintiff with less than 10 employees and up to two Rule 30(b)(1) depositions of no more than 7 hours each per corporate named Plaintiff with 10 employees or more, and one Rule 30(b)(1) deposition of no more than 7 hours each per individual named Plaintiff. Depositions of expert witnesses or third parties, including any deposition of a former employee of a Plaintiff who is not made available for deposition by that Plaintiff, will not be counted toward this limit.

      ii. Defendant may take one Rule 30(b)(6) deposition per named corporate Plaintiff of no more than 7 hours, regardless of the number of designees identified to testify.

   c. <u>30(b)(6) Witnesses:</u> In the event that any percipient witness who has received a deposition notice also is likely to be designated as a Rule 30(b)(6) representative, or in the event that any Rule 30(b)(6) designee also is likely to be deposed in his or her individual capacity, the parties will use their best efforts to coordinate so as to avoid multiple depositions of the same witness; however, no party shall be forced to prematurely engage in Rule 30(b)(6) depositions, or notice topics for such depositions, before they determine it

      is most efficient to do so. Additionally, no deponent may be deposed for more than 7 hours in a single day.

    d. <u>Third Parties</u>.

      i. Each side shall be allowed to notice 15 depositions of third parties of no more than seven hours each.

 4. <u>Third-Party Subpoenas</u>:

  a. Absent good cause to the contrary, all third-party subpoenas must be served in sufficient time, taking into account the nature and volume of the material requested, to allow for resolution of reasonably anticipated disputes and production of the material requested no later than the deadline for the completion of all fact discovery. In no event shall third-party subpoenas be served less than 60 days prior to the deadline for completion of fact discovery.

  b. Plaintiffs and Defendant must give each side notice of the issuance of a third-party subpoena. Such notice must be given at least four (4) days in advance. Plaintiffs and Defendant must exchange all third-party productions within 14 days of receipt of the productions or at least 14 days before the deposition of the producing third party, whichever is earlier.

 5. Each side reserves their respective rights to seek additional discovery beyond the limits herein for good cause shown, and each side reserves their rights to oppose such requests.

**E. <u>Expert Discovery</u>**

 1. Some or all of the parties anticipate retained experts on the following subjects: economic issues relevant to class certification, liability, and damages; agricultural industry; agricultural equipment technology, development, and deployment; agricultural equipment repair; right to repair movement; applicable regulations.

 2. Unless otherwise agreed to by the parties, all expert material, including back-up data, relied upon in any expert report pertaining to class certification/merits must be produced no later than three business days after service of the expert report.

 3. Plaintiffs must serve expert report(s) in support of class certification/merits on or before **Friday, May 30, 2025.**

 4. Defendant must serve rebuttal class certification/merits expert report(s) on or before **Monday, September 8, 2025.**

 5. Plaintiff must serve reply class certification/merits expert report(s) on or before **Monday, November 24, 2025.**

6. Depositions of expert witnesses:

   a. The parties shall be entitled to one deposition of each expert, provided that, where a single expert provides both opening and reply reports on an issue, the other side shall not be entitled to a second deposition of that expert unless the reply report includes new analysis not included in the opening report and not directly responsive to a criticism raised by the opposing party's expert. An expert who provides a report in support of class certification and again in support of merits arguments shall be treated as two experts for purposes of applying these deposition limits.

   b. Unless otherwise agreed to by the parties or for good cause shown, each deposition of an expert witness shall be limited to a maximum of seven (7) hours.

   c. Unless otherwise agreed to by the parties or for good cause shown, all experts shall be deposed no later than **21 days before *Daubert* motions are due**. Each party is obligated to ensure its expert is available at a mutually convenient date for all parties to facilitate meeting this deadline. If Defendant chooses to depose Plaintiffs' expert before service of its rebuttal expert report, Plaintiffs are obligated to ensure its expert is available at a mutually convenient date for all parties at least 21 days before Defendant's rebuttal report is due.

7. Supplemental expert reports pertaining to class certification/merits are not allowed absent leave of Court. The Court will exercise its discretion using Rule 16(b)(4)'s standard.

8. The parties must file any *Daubert* motion seeking to exclude expert opinions pertaining to class certification/merits on or before **Tuesday, December 30, 2025.**

9. The parties must file opposition(s) in response to any pending *Daubert* motion(s) pertaining to class certification/merits experts on or before **Tuesday, February 24, 2026.**

10. The parties must file replies in support of *Daubert* motion(s) pertaining to class certification/merits experts on or before **Tuesday, March 17, 2026.**

B. **Class Certification Briefing**

   1. Plaintiffs must file their Motion for Class Certification within 45 days from this Court's ruling on pending *Daubert* motion(s) seeking to exclude expert opinions pertaining to class certification/merits.

   2. Defendant must file its Opposition to Plaintiffs' Motion for Class Certification within 45 days from the filing of Plaintiffs' Motion for Class Certification.

      3.      Plaintiffs must file their reply in support of Class Certification within 45 days from Defendant's Opposition to Plaintiffs' Motion for Class Certification.

**C.**     **Remainder of Schedule and Dispositive Motions**

The parties agree that it would be premature at this time to set a deadline through trial. The parties have proposed deadlines through a hearing on Rule 56 motions and have proposed that the Court hold a status conference once Rule 56 motions are decided to discuss pre-trial issues, including the structure and length of the trial, motions *in limine*, the final pretrial conference, and other issues related to the trial.

**D.**     **ESI**

The parties do not anticipate any issues about disclosure, discovery, or preservation of ESI. The parties have already agreed on, and the Court has entered, the ESI Protocol, which addresses the form or forms in which ESI should be produced (ECF No. 97).

**E.**     **Claims of Privilege or Protection Issues**

At this time, there are no ripe issues about claims of privilege or of protection. The parties have already agreed on, and the Court has entered, a Protective Order and Rule 502(d) Order (ECF Nos. 98, 99).

**F.**     **Other Orders**

The parties do not believe the Court should issue any other orders at this time except for the proposed case schedule set forth at Section A, *supra*.

**G.**     **Alternative Dispute Resolution Mediation**

Pursuant to the Court's Rule 26(f) Model Report, counsel for Plaintiffs and counsel for Defendant certify under 28 U.S.C. § 1746 that their clients have read the Pamphlet governing the Court's mediation program, that counsel explained the dispute resolution options available from the Court and private entities, and that counsel considered how this case might benefit from those

options. Further, counsel certify that they gave their clients an estimate of fees and costs to litigate this matter through trial, as well as an estimate of the fees and costs of an early successful mediation. Lastly, if this is a fee shifting case, counsel for Defendant certifies they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment. The parties understand that failure to comply with these requirements will result in sanctions. *See* Fed. R. Civ. P. 16(c), (f). The parties jointly request this case be excused from ADR at this time.

**H.     No Amendment of Dates**

The parties understand that counsel may not stipulate to extend discovery deadlines, including for depositions, beyond the dates already set in this Case Management Order. The parties further understand that the dates will not be amended absent a showing of good cause. The parties understand that with entry of this Case Management Order, the deadlines set out in the order are governed by Fed. R. Civ. P. 16(b)(4), and requests for extensions require a showing of good cause under that Rule. The parties also understand that motions for extensions of time should be brought as soon as possible, but at a minimum before the cut-off date. The parties understand that failure to do so does not demonstrate diligence, and runs the serious risk that the motion will be denied. *See McCann v. Cullinan*, 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill. Jul. 14, 2015).

**I.     Miscellaneous**

The parties believe at this time that regular status conferences (*e.g.*, every quarter) will facilitate the expeditious, economical, and just resolution of this action. A complex antitrust class action presents special case management issues, in particular the management of discovery and keeping to the Court's scheduling orders. Given the issues likely to arise in the course of litigating this complex matter, as well as the role of the Court in overseeing and resolving discovery issues in this action, the parties believe that they would benefit from regular status conferences by

telephone (or as otherwise ordered by the Court) on dates and at times convenient for the Court.

*See* Manual for Complex Litigation, Fourth §11.22 (2004).

**IT IS SO ORDERED**

Signed on this twenty-fifth day of September, 2024.

                                                HONORABLE IAIN D. JOHNSTON
                                    UNITED STATES DISTRICT COURT JUDGE