UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ET AL., *Plaintiffs*, v. DEERE & COMPANY, *Defendant*. | Case No. 3:25-cv-50017 Hon. Iain D. Johnston |
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No. 3:22-cv-50188 MDL No. 3030 Hon. Iain D. Johnston |

**STATEMENT OF NON-PARTY OEMs IN RESPONSE TO COURT ORDER [ECF No. 134, 247]**

In response to the Court's April 21, 2025 Minute Orders in Case No. 3:25-cv-50017 [ECF No. 134] and Case No. 3:22-cv-50188 [ECF No. 247], non-parties CNH Industrial America LLC, AGCO Corporation, and Kubota Tractor Corporation (together, the "Non-Party OEMs") respectfully submit this statement about the parties' Stipulation Regarding Coordination of Document Discovery in Related Actions [ECF Nos. 131, 246].

The Non-Party OEMs understand the Stipulation to be an agreement among the Government Plaintiffs, Deere, and the MDL Plaintiffs governing certain discovery efforts across the Government Action and the MDL Action. Although styled as addressing "coordination of document discovery"—a framing echoed in the Court's April 21 Orders—the Stipulation references discovery under Rules 30, 31, 33, 34, and 36, thereby appearing to extend beyond document requests to include testimonial discovery. This broader scope raises questions about

1

non-party Rule 30(b)(6) depositions, particularly as the Stipulation contains no express provisions regarding how non-party depositions will be managed, noticed, or shared across the coordinated actions.

To the extent the Stipulation governs only document discovery, consistent with its title, the Non-Party OEMs do not object to the mechanism described, provided it applies prospectively, incorporates appropriate confidentiality protections, and preserves their rights to object to individual subpoenas on burden or other grounds. However, the Government Plaintiffs' recent filing [ECF No. 133] introduced additional ambiguity regarding the treatment of depositions.

In that filing, the Government Plaintiffs assert that they are coordinating with Deere and the MDL Plaintiffs "with respect to depositions of third parties noticed in the MDL Action, including depositions of third-party OEM manufacturers." Nonetheless, the Government Plaintiffs assert that the resulting transcripts should be admissible in the Government Action and may "narrow the scope" of any future depositions the Government Plaintiffs may choose to notice.

Following conferral among Deere, the MDL Plaintiffs, the Government Plaintiffs, and the OEMs from April 24 through April 29, 2025, the Government Plaintiffs clarified their current position regarding the upcoming non-party depositions. Specifically, the FTC confirmed that if required to proceed now, the Government Plaintiffs would cross-notice depositions and seek additional questioning time. Their final stated position is:

> The OEM 30(b)(6) depositions were noticed only in the MDL Action. At the request of the OEMs, the Government Plaintiffs agree to participate in those depositions on the dates agreed between the OEMs and parties to the MDL Action, subject to being permitted to cross-notice the depositions of CNH, AGCO, and Kubota to identify topics in addition to those agreed by parties to the MDL Action and to being given up to 3.5 hours on the record for questioning in each deposition.

Separately, and prior to the Government Plaintiffs' confirmation of their position, the OEMs circulated a streamlined standalone document on April 25, 2025, proposing focused

parameters for the upcoming depositions. That document identified four targeted topic areas, a defined equipment category, and the relevant time period—aimed at ensuring predictability, reducing disputes, and providing a workable understanding of the OEMs' expectations. The OEMs and Deere have continued working toward finalizing a shared understanding of those parameters, with the goal of further streamlining the upcoming depositions and avoiding unnecessary complications.

For these reasons, the Non-Party OEMs respectfully request that any coordination efforts be grounded in clarity, mutuality, and efficiency—particularly where non-parties are concerned. While the OEMs are not parties to the Stipulation, the OEMs remain willing to cooperate in good faith with legitimate discovery efforts consistent with Rule 45. At the same time, the OEMs reserve all rights to object to future discovery requests or depositions on grounds of undue burden, duplication, or lack of coordination. The OEMs appreciate the Court's attention to these issues and remain available to provide further clarification if helpful.

Dated: April 29, 2025.

/s/ William H. Stallings
William H. Stallings
MAYER BROWN LLP
wstallings@mayerbrown.com
1999 K Street, NW
Washington, D.C. 20006
202-263-3807
Counsel for CNH Industrial America LLC

/s/ Steven Jacob Carroll
Steven Jacob Carroll
NELSON MULLINS RILEY & SCARBOROUGH LLP
jake.carroll@nelsonmullins.com
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6298
Counsel for AGCO Corporation

/s/ Gregory J. Commins Jr.
Gregory J. Commins Jr.
BAKERHOSTETLER
gcommins@bakerlaw.com
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036
202-861-1500
Counsel for Kubota Tractor Corporation

3