# EXHIBIT A

# JONES DAY

901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114

TELEPHONE: +1.216.586.3939 • JONESDAY.COM

Direct Number: 216.586.7171
calee@jonesday.com

July 31, 2024

| VIA EMAIL | VIA EMAIL | VIA EMAIL |
|---|---|---|
| Adam J. Zapala<br>Elizabeth T. Castillo<br>James G. Dallal<br>COTCHETT, PITRE &<br>McCARTHY, LLP<br>840 Malcolm Road<br>Burlingame, CA 94010<br>azapala@cpmlegal.com<br>ecastillo@cpmlegal.com<br>jdallal@cpmlegal.com | Daniel E. Gustafson<br>Daniel C. Hedlund<br>Michelle J. Looby<br>Kaitlyn L. Dennis<br>GUSTAFSON GLUEK PLLC<br>120 S. Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>dgustafson@gustafsongluek.com<br>dhedlund@gustafsongluek.com<br>mlooby@gustafsongluek.com<br>kdennis@gustafsongluek.com | Kenneth A. Wexler<br>Justin N. Boley<br>Tyler J. Story<br>WEXLER BOLEY &<br>ELGERSMA LLP<br>311 S. Wacker Dr., Suite 5450<br>Chicago, IL 60606<br>kaw@wbe-llp.com<br>jnb@wbe-llp.com<br>tjs@wbe-llp.com |
| Alexander E. Barnett<br>COTCHETT, PITRE &<br>McCARTHY, LLP<br>40 Worth Street, Suite 602<br>New York, NY 10013<br>abarnett@cpmlegal.com | Dennis J. Stewart<br>GUSTAFSON GLUEK PLLC<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>dstewart@gustafsongluek.com | |
| Robert M. Foote<br>Kathleen C. Chavez<br>Elizabeth C. Chavez<br>Bret K. Pufahl<br>FOOTE, MIELKE,<br>CHAVEZ & O'NEIL, LLC<br>10 W. State Steet, Suite 200<br>Geneva, IL 60134<br>rmf@fmcolaw.com<br>kcc@fmcolaw.com<br>ecc@fmcolaw.com<br>bkp@fmcolaw.com | Marc C. Gravino<br>WILLIAMS MCCARTHY LLP<br>P.O. Box 219<br>Rockford, IL 61105<br>mgravino@wilmac.com | |

Re: *In re: Deere & Company Repair Services Antitrust Litig.*, 3:22-cv-50188, MDL No. 3030 (N.D. Ill.) – Notice of Deposition for Josh Jepsen

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

July 31, 2024
Page 2

Counsel:

We write on behalf of Deere & Company ("John Deere") regarding Plaintiffs' Notice of Rule 30(b)(1) Deposition for Joshua Jepsen, dated July 25, 2024. Plaintiffs have not articulated any basis for the taking of Mr. Jepsen's deposition. He is not a custodian in this matter nor has he been identified as the source of relevant information, let alone unique relevant information. As John Deere's Senior Vice President & Chief Financial Officer, it would be inappropriate to conduct the deposition of Mr. Jepsen on the current record in light of the Seventh Circuit's well-settled case law regarding apex discovery. For the reasons outlined below, John Deere requests that Plaintiffs immediately withdraw their Notice of Deposition of Mr. Jepsen.

Plaintiffs have not made a showing as to why Mr. Jepsen's deposition is needed or appropriate. Derived from Federal Rule of Civil Procedure Rule 26, the Northern District of Illinois has adopted a four-part test to protect high-level executives from being deposed when **any** of the four circumstances exists: "(1) the official has 'no unique personal knowledge of the matter in dispute;' (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *Lee v. City of Chicago*, No. 20 CV 1508, 2021 WL 2399999, at *2 (N.D. Ill. June 11, 2021) (citing *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020)). Here, **all** four circumstances are met.[1]

1. **Mr. Jepsen has no unique personal knowledge of this litigation.**

Mr. Jepsen lacks a unique personal knowledge of this litigation to require him to sit for a deposition. As Plaintiffs are aware, Mr. Jepsen is not a named custodian in this matter, nor have documents produced in discovery demonstrated that Mr. Jepsen would have relevant information.

On March 31, 2024, Plaintiffs amended their Initial Disclosures to include Mr. Jepsen, now Senior Vice President and Chief Financial Officer, as an individual likely to have discoverable information in this litigation. Despite John Deere previously indicating that Mr. Jepsen's prior role as Director of Investor Relations had nothing to do with this litigation, Plaintiffs nonsensically listed the following subject matter that Mr. Jepsen would allegedly have knowledge of: "Knowledge and/or participation in Deere's unreasonable restraints on competition in the repair services market."

Judge Johnston put it best: "simply listing an apex witness under Rule 26(a)(1) as a means of bootstrapping a party's attempt to depose him or her is unlikely to persuade a court." Johnston, J.,

---

[1] While a deposition of Mr. Jepsen would also likely impose a hardship on him, because Plaintiffs have failed to satisfy **any** of the first three prongs, we will not address the basis of the hardship here, but specifically reserve the right to raise such an argument as part of a motion for a protective order.

JONES DAY

July 31, 2024
Page 3

*Apex Witness Claim They are Too Big to Depose*, 41 LITIGATION 1, 4 (Fall 2014). Here, Plaintiffs have failed to provide any basis as to why Mr. Jepsen would have information on the indicated subject matter in Plaintiffs' Amended Initial Disclosures, much less a "unique personal knowledge of this litigation." Plaintiffs have not (and cannot) establish that Mr. Jepsen has "unique personal knowledge" to this litigation.

    2. **Plaintiffs have not shown that the testimony they seek cannot be garnered from other witnesses in this litigation, as well as other discovery means.**

Rule 26(b)(2)(C)(1) permits restrictions on discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" The Notice of Deposition for Mr. Jepsen is not only inconvenient and burdensome, but it is duplicative and cumulative of other discovery that has and will be sought in this litigation. Plaintiffs must seek other, less intrusive means of discovery before seeking to depose an apex witness, as required by this Circuit's case law. *See Lee*, 2021 WL 2399999, at *4.

    a. **Depositions**

Mr. Jepsen's deposition would be duplicative of other depositions that have been or will be completed in this litigation. On July 25, 2023, Plaintiffs served a Federal Rule of Civil Procedure 30(b)(6) Notice of Deposition to John Deere, which included the following Topic: "Projections and predictions of the economic impact of 'right to repair' legislation and other expanded 'right to repair' outcomes on Deere's or its authorized Dealers' revenues and profits. *See* Topic 13. After lengthy negotiations, John Deere agreed to designate a witness for this Topic. During Mr. Caldwell's Rule 30(b)(6) deposition, Plaintiffs explored Topic 13, in which Plaintiffs learned that John Deere's future performance and profitability projections are only those that are publicly available and no analysis relating to the impact of a "right to repair" legislation has been done. *See* Deere & Company 30(b)(6) Tr. at 50:7—51:17 (D. Caldwell). Therefore, any additional testimony from Mr. Jepsen related to the financial impact of right to repair legislation and outcomes would be duplicative and unreasonably cumulative of Mr. Caldwell's prior testimony.

If Plaintiffs seek to elicit other testimony from Mr. Jepsen, they must first show that such testimony is not available from a lower-level employee. *See* Johnston, J., *Apex Witness Claim They are Too Big to Depose*, 41 LITIGATION at 5 ("[C]ourts often require other depositions, particularly those if lower-level employees to proceed before the apex doctrine. That way, the court can later reconsider whether the apex deposition is necessary."). Accordingly, Plaintiffs' request for Mr. Jepsen's deposition is premature and unwarranted at this time.

JONES DAY

July 31, 2024
Page 4

### b. Other Discovery Means – Interrogatories

Testimony sought from Mr. Jepsen is available by other discovery means. Notably, Plaintiffs have issued no interrogatories in this matter. Nonetheless, Plaintiffs must first seek to obtain the discovery from less intrusive discovery methods before they might be entitled to an apex witness such as Mr. Jepsen.

\* \* \* \* \*

Plaintiffs' Notice of Deposition to Mr. Jepsen is unnecessary, harassing, unduly burdensome, and duplicative of the discovery that has been or will completed in this litigation, as contemplated by Rule 26. Please let us know if Plaintiffs' are agreeable to withdrawing their Notice of Deposition for Mr. Jepsen. To the extent Plaintiffs do not withdraw their Notice of Deposition, John Deere intends to seek a motion for protective order barring the deposition of Mr. Jepsen for the above-outlined reason.

We remain committed to working to resolve this issue, and we are available to meet and confer.

Regards,

*/s/ Corey A. Lee*

Corey A. Lee

cc: John M. Majoras
      Tiffany D. Lipscomb-Jackson
      Amanda B. Maslar