# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188<br>MDL No. 3030<br><br>Hon. Iain D. Johnston |

**DEFENDANT DEERE & COMPANY'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES**

Defendant Deere & Company ("John Deere"), by and through its counsel and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits the following Responses and Objections to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

**GENERAL OBJECTIONS AND OBJECTIONS TO DEFINITIONS**

The following General Objections apply to Plaintiffs' Interrogatories and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below. These General Objections form a part to each Interrogatory Response and are set forth here to avoid repetition. The absence of a reference to an applicable General Objection should not be construed as a waiver of the objection as to a specific Interrogatory.

1. The following responses are based on John Deere's present knowledge, information, and belief. John Deere reserves the right to amend, revise, correct, supplement, or clarify any of the Responses herein.

2. By providing responses to the Interrogatories, John Deere does not concede that any information contained herein or any document referenced is relevant, material, discoverable, or admissible into evidence.

1

3. John Deere objects to the Interrogatories, including the instructions and definitions contained therein, to the extent they impose requirements, obligations, and duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, the Court's rules, or any applicable order entered by the Court, and to the extent they are inconsistent with any deadline set forth by any applicable order entered by the Court.

4. John Deere objects to the Interrogatories, including the instructions and definitions contained therein, to the extent they seek discovery of matters protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-evaluative or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere's responses are not intended to be, and should not in any way be deemed to be, a waiver of any such privilege or immunity.

5. John Deere objects to the Interrogatories, including the instructions and definitions contained therein, to the extent they are overly broad, unduly burdensome, premature, and/or seek information beyond the scope of discovery under the applicable rules.

6. John Deere objects to the Interrogatories, including the instructions and definitions contained therein, to the extent they are unreasonably cumulative and/or duplicative of each other or Requests for Production, or seek information that is not relevant to claims and/or defenses at issue in the instant litigation.

7. John Deere objects to the Interrogatories, including the instructions and definitions contained therein, to the extent they are vague, ambiguous, use undefined terms, or otherwise fail to specify with sufficient particularity the nature of the information sought.

8. John Deere objects to Plaintiffs' request to respond within thirty days of service of the Interrogatories on the grounds that it is unreasonable and unduly burdensome.

9. John Deere objects to Plaintiffs' definition of "You," "Your," and "Deere" as overly broad, not proportionate to the needs of the case, and beyond the requirements of the Federal Rules of Civil Procedure. John Deere was initially incorporated in 1868. In the years since that date, John Deere and its subsidiaries have acquired other corporations, divested subsidiaries and divisions, participated in mergers, and have been involved in certain joint ventures. John Deere objects to the Interrogatories to the extent they seek information regarding entities John Deere does not control or did not control during the Relevant Time Period.

10. John Deere objects to Plaintiffs' definition of "Defendant" or "Deere" as overly broad, unduly burdensome, not proportionate to the needs of the case, and beyond the requirements of the Federal Rules of Civil Procedure. John Deere objects to the Interrogatories to the extent they seek information regarding entities John Deere does not control or did not control during the Relevant Time Period.

11. John Deere objects to Plaintiffs' definition of "referring to" or "relating to", or "regarding" or "concerning", or "refer to" or "referring or relating to", or "refer or relate to" or "with regard to" as vague, ambiguous, and lacking in reasonable particularity. In responding to these Interrogatories, John Deere construes each of those words according to their common meanings.

12. John Deere objects to Plaintiffs' definition of "Identify" or "Describe" used in connection with "natural persons" as vague, overly broad and unduly burdensome to the extent it seeks the "full name, present or last know business address(es) and telephone number(s), present or last known home address(es) and city(ies) of residence" or "the substance of the person's knowledge" of such "natural persons" who are third parties or are outside the control of John Deere. If John Deere identifies a "natural person" in response to an interrogatory, it will provide,

3

to the extent known, the person's full name, affiliation, and relevant contact information as may be reasonably ascertainable.

13. John Deere objects to Plaintiffs' definition of "Identify" or "Describe" used in connection with an "entity" as vague, overly broad and unduly burdensome to the extent it seeks "the entity's full name, present or last known address(es), current and any former telephone number(s), relevant time period for each entity(es), and any and all individuals affiliated with the organizations . . . or entity(es)." If John Deere identifies an entity in response to an Interrogatory, it will provide, to the extent known, the entity's full name and present or last known address of the entity's principal place of business.

14. John Deere objects to Plaintiffs' definition of "Identify" or "Describe" used in connection with an "act" as vague, overly broad and unduly burdensome to the extent it seeks "the full name of all person(s) and/or entity(es) engaged in the act, the present or last know[n] address(es) for each person(s) and/or entity(es), and current and former telephone number(s)." If John Deere identifies an act in response to an interrogatory, it will provide, to the extent known, the full names and affiliations of the person(s) and/or entity(ies) involved.

15. John Deere objects to definition 10, "Relevant Time Period," defined by Plaintiffs as January 1, 2015 to October 24, 2022. John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to October 24, 2022, when the parties have agreed to define the Relevant Time Period as January 12, 2016 through October 24, 2022.

16. John Deere objects to Instructions 11 and 12 to the extent they encroach upon the attorney-client privilege, the work-product doctrine, the self-evaluative or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere

4

further objects to Instructions 11 and 12 to the extent they impose requirements, obligations, and duties beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order entered by the Court.

**JOHN DEERE'S SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES**

Subject to John Deere's General Objections and Objections to Definitions set forth above, John Deere submits the following responses and specific objections to these Interrogatories. As noted above, the General Objections set forth above are incorporated into, apply to, and will have the same force and effect as if set forth in full in the Responses below.

**INTERROGATORY NO. 1:** Regarding the data underlying the slide titled "Substantial Rate differences between IRS and Our Dealers" on DEERE_0897869, please provide the following information:

(a) Describe the underlying data, including the source of the underlying data, Deere's methods of obtaining the underlying data, Deere's method of verifying the underlying data, how Deere organized the underlying data, and how Deere maintained the underlying data in its regular course of business;

(b) Identify who compiled the underlying data, when the underlying data was compiled, and for what purpose the underlying data was compiled;

(c) Describe how often the underlying data was updated and by whom;

(d) Identify all Persons who have access to the underlying data;

(e) Describe where the underlying data can be found;

(f) Explain why Deere has not produced the underlying data, which is responsive to Plaintiffs' Request for Production of Document No. 37; and

(g) Identify who prepared the slide in question, when the slide was prepared, and for what purpose the slide was prepared.

**RESPONSE:** John Deere objects to this Interrogatory as overboard and unduly burdensome because it asks John Deere to "[i]dentify *all* Persons who have access to the underlying data" (emphasis added). In addition, John Deere objects to this Interrogatory on the grounds that the phrases "methods for obtaining," "method of verifying," "purpose" and "updated" are vague and ambiguous. John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the

6

present, when the parties have agreed that the Relevant Time Period is defined as January 12, 2016 through October 24, 2022. In addition, John Deere objects to this Interrogatory as unduly burdensome to the extent it seeks information or documents already in Plaintiffs' possession, custody, or control and thus equally available to Plaintiffs. Subject to and without waiving the foregoing objections, John Deere states the following:

(a) In 2017, John Deere's all makes brand of aftermarket parts (parts that are designed for the maintenance and repair of Tractors whether manufactured by John Deere or not) collected contemporaneous labor rate data for independent repair shops that submitted warranty claims to John Deere for all makes aftermarket parts. Following a reasonable inquiry and search, John Deere has been unable to locate that original dataset from 2017, but the conclusions of John Deere's analysis are reflected in the document produced at DEERE_0897869. John Deere further states that it does not systematically track hourly rates charged by independent repair shops in the ordinary course of business. However, John Deere states that on or about August 31, 2021, when John Deere updated its warranty reimbursement practice related to all makes parts warranty claims, it began to record, on an ad hoc basis, labor rates when a seller of all makes parts sought a reimbursement related to a warranty claim for an all makes part, and such information was exclusively used by those processing all makes warranty claims. The warranty related labor rates are not updated unless there is a request for a warranty reimbursement and confirmation that the labor rate has either changed or there is another applicable labor rate for the warranty reimbursement at issue. John Deere is generally not aware whether the self-reported labor rate applies to non-warranty labor or if it applies to all technicians employed by the seller.

(b) John Deere refers Plaintiffs to its response to subsection (a).

(c) As noted above, after a reasonable inquiry, John Deere does not believe the analysis reflected in the document produced at DEERE_0897869 was refreshed after 2017.

(d) As noted above, the data is exclusively used by those processing all makes warranty claims.

(e) As noted above, following a reasonable inquiry and search, John Deere has been unable to locate the underlying dataset from 2017. In addition, John Deere refers Plaintiffs to its response to Request for Production No. 72.

(f) Following the parties' meet and confers, John Deere agreed to conduct a reasonable search to produce responsive and non-privileged documents and communications regarding the alleged market for repair services for Tractors for the time period of January 12, 2016 to October 24, 2022. Plaintiffs' request for data regarding

7

        independent repair shops as reflected in DEERE_0897869 is not within the scope of what John Deere agreed to produce in response to Plaintiffs' Request No. 37.

        Moreover, as part of the process of responding to Plaintiffs' Requests for Production, John Deere and Plaintiffs agreed to custodians, search terms, and time periods that would be used to identify potentially relevant documents. Accordingly, the analysis in DEERE_0897869 was produced as responsive to Plaintiffs' Requests. Neither through this agreed process nor through John Deere's reasonable inquiry for responsive documents was underlying data for DEERE_0897869 identified. Upon a reasonable inquiry and search, John Deere believes that such data was not in its possession, custody, or control at the time when a duty to preserve arose in connection with the series of individual lawsuits that have been consolidated into this matter. Following Plaintiffs' Request No. 72, John Deere located the information and data described in subsection (a) and refers Plaintiffs to its response to Request for Production No. 72.

(g)     The slide at Deere_0897869 was presented by Angie Johanningmeier, then Director, Global Proactive Customer Services, on or about December 15, 2017, as part of a presentation titled "Win in Aftermarket: Critical Initiative Review," and was created with input by Tommy Morgan, then Manager, Aftermarket & Sales (U.S. & Canada).

**INTERROGATORY NO. 2:** State whether, during the Relevant Time Period, Deere Conducted (or had a third party conduct) any other survey(s) of labor rates of independent repair shops similar to the slide titled "Substantial Rate differences between IRS and Our Dealers" on DEERE_0897869. If so, for each survey, please provide the following information.

(a)     Describe the survey, including any source of information for the survey, Deere's method of obtaining said information, Deere's method of verifying said information, how Deere organized the information, and how Deere maintained the information in its regular course of business;

(b)     Identify who compiled the survey, when the survey was compiled, and for what purpose the survey was compiled;

(c)     Describe how often the survey was updated and by whom;

(d)     Identify all Persons who have access to the survey;

(e)     Describe where the survey can be found; and

(f)     Explain why Deere has not produced the survey, which is responsive to Plaintiffs' Request for Production of Document No. 37.

**RESPONSE:** John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the

8

present, when the parties have agreed that the Relevant Time Period is defined as January 12, 2016 through October 24, 2022. John Deere objects to this Interrogatory on the grounds that the phrases "survey" "methods of obtaining," "method of verifying," and "updated" are vague and ambiguous, such that they render the Interrogatory not reasonably particular in identifying the documents or information sought.

Subject to and without waiving the foregoing objections, John Deere refers Plaintiffs to its responses to Interrogatory No. 1 (a) through (g).

**INTERROGATORY NO. 3:** State whether, during the Relevant Time Period, Deere prepared any internal projections and/or predictions of the economic impact of "right to repair" legislation and other expanded "right to repair" outcomes on Deere's revenues and profits and/or its authorized Dealers' revenues and profits.

**RESPONSE:** John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the present, when the parties have agreed that the Relevant Time Period is defined as January 12, 2016 through October 24, 2022. John Deere objects to this Interrogatory on the grounds that the phrases "projections," "predictions," and "outcomes" are vague and ambiguous, such that they render the Interrogatory not reasonably particular in identifying the documents or information sought. John Deere also objects to this Interrogatory to the extent it seeks discovery of matters protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-evaluative or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere objects to this Interrogatory as duplicative of Request for Production Nos. 26, 70, and 71. To the extent Plaintiffs seek to require John Deere to identify and describe specific documents produced in response to Request Nos. 26, 70, and 71, the documents speak for themselves and John Deere objects on the ground that such a request exceeds the requirements of Rule 34 and the Joint Protocol for the Production of Documents and Electronically Stored

9

Information ("Joint Protocol") [ECF 87-1]. Accordingly, John Deere incorporates its responses to Request Nos. 26, 70, and 71 and refers Plaintiffs to the documents produced in response to those Requests. John Deere further states that it has not conducted internal projections of its financial performance and/or profitability related to the potential impact of Right to Repair and/or Fair Repair bills, laws, or legislation for the Relevant Time Period.

**INTERROGATORY NO. 4:** If the response to Interrogatory No. 3 is anything but an unequivocal "no":

(a) Identify all such predictions;

(b) Describe all source(s) of information on which such projections and/or predictions were based;

(c) Identify all assumptions on which the projections and/or predictions were based, including all assumptions relating to "right to repair;"

(d) Identify all projections and/or predictions that address, in whole or in part, the potential or expected impact of "right to repair" on Deere's and/or its authorized Dealers' financial performance and profitability;

(e) Identify the Person(s) who prepared such projections and/or predictions;

(f) Identify the Person(s) who approved such projections and/or predictions; and

(g) Identify the purpose of such projections and/or predictions.

**RESPONSE:** John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the present, when the parties have agreed that the Relevant Time Period is defined as January 12, 2016 through October 24, 2022. John Deere objects to this Interrogatory on the grounds that the phrases "projections," "predictions," and "outcomes" are vague and ambiguous, such that they render the Interrogatory not reasonably particular in identifying the documents or information sought. John Deere also objects to this Interrogatory to the extent it seeks discovery of matters protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-evaluative

10

or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere objects to this Interrogatory as duplicative of Request for Production Nos. 26, 70, and 71. To the extent Plaintiffs seek to require John Deere to identify and describe specific documents produced in response to Request Nos. 26, 70, and 71, the documents speak for themselves and John Deere objects on the ground that such a request exceeds the requirements of Rule 34 and the Joint Protocol [ECF 87-1]. Accordingly, John Deere incorporates its responses to Request Nos. 26, 70, and 71 and refers Plaintiffs to the documents produced in response to those Requests. Subject to and without waiving the foregoing objections, John Deere refers Plaintiffs to its response to Interrogatory No. 3.

**INTERROGATORY NO. 5:** Separate and apart from the projections and/or predictions described in response to Interrogatory Nos. 3 and 4, state whether, during the Relevant Time Period, Deere prepared any internal or publicly available projections and/or predictions of Deere's revenues and profits and/or its authorized Dealers' revenues and profits that were based on any assumption or data related to the economic impact of "right to repair" legislation and other expanded "right to repair" outcomes on Deere and its authorized Dealers.

**RESPONSE:** John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the present, when the parties have defined the Relevant Time Period as January 12, 2016 through October 24, 2022. John Deere objects to this Interrogatory on the grounds that the phrases "projections," "predictions," and "outcomes" are vague and ambiguous, such that they render the Interrogatory not reasonably particular in identifying the documents or information sought. John Deere also objects to this Interrogatory to the extent it seeks discovery of matters protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-evaluative or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere objects to this Interrogatory as duplicative of Request for Production Nos. 26, 70, and 71. To the extent Plaintiffs seek to require John Deere to identify and describe specific

documents produced in response to Request Nos. 26, 70, and 71, the documents speak for themselves and John Deere objects on the ground that such a request exceeds the requirements of Rule 34 and the Joint Protocol [ECF 87-1]. Accordingly, John Deere incorporates its responses to Request Nos. 26, 70, and 71 and refers Plaintiffs to the documents produced in response to those Requests. John Deere further states that it has not conducted internal projections of its financial performance and/or profitability related to the potential impact of Right to Repair and/or Fair Repair bills, laws, or legislation for the Relevant Time Period.

**INTERROGATORY NO. 6:** If the response to Interrogatory No. 5 is anything but an unequivocal "no":

    (a)    Identify all such projections and/or predictions;

    (b)    Describe all source(s) of information on which such projections and/or predictions were based;

    (c)    Identify all assumptions and data on which the projections and/or predictions were based;

    (d)    Identify the Person(s) who prepared such projections and/or predictions;

    (e)    Identify the Person(s) who approved such projections and/or predictions; and

    (f)    Identify the purpose of such projections and/or predictions.

**RESPONSE:** John Deere objects to this Interrogatory on the grounds that it is not proportionate to the needs of the case as it seeks the identification of information from January 1, 2015 to the present, when the parties have defined the Relevant Time Period as January 12, 2016 through October 24, 2022. John Deere objects to this Interrogatory on the grounds that the phrases "projections," "predictions," and "outcomes" are vague and ambiguous, such that they render the Interrogatory not reasonably particular in identifying the documents or information sought. John Deere also objects to this Interrogatory to the extent it seeks discovery of matters protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-evaluative

12

or self-critical analysis privilege, common interest privilege, or any other applicable privilege or immunity. John Deere objects to this Interrogatory as duplicative of Request for Production Nos. 26, 70, and 71. To the extent Plaintiffs seek to require John Deere to identify and describe specific documents produced in response to Request Nos. 26, 70, and 71, the documents speak for themselves and John Deere objects on the ground that such a request exceeds the requirements of Rule 34 and the Joint Protocol [ECF 87-1]. Accordingly, John Deere incorporates its responses to Request Nos. 26, 70, and 71 and refers Plaintiffs to the documents produced in response to those Requests. Subject to and without waiving the foregoing objections, John Deere refers Plaintiffs to its response to Interrogatory No. 5.

Dated: October 21, 2024            Respectfully submitted,

*/s/ Corey A. Lee*

John M. Majoras
jmmajoras@jonesday.com
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone: (202) 879-3939

Tiffany Lipscomb-Jackson
tdlipscombjackson@jonesday.com
**JONES DAY**
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673
Telephone: (614) 281-3876

Corey A. Lee
calee@jonesday.com
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Amanda B. Maslar (6321073)
amaslar@jonesday.com
**JONES DAY**
110 North Wacker, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Counsel for Defendant Deere & Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 21, 2024 a copy of the foregoing was served via email on the following counsel of record:

Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com


Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Kaitlyn L. Dennis
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
kdennis@gustafsongluek.com

Dennis J. Stewart
**GUSTAFSON GLUEK PLLC**
600 W. Broadway, Suite 3300
San Diego, CA 92101
dstewart@gustafsongluek.com

Kenneth A. Wexler
Justin N. Boley
Tyler J. Story
**WEXLER BOLEY & ELGERSMA LLP**
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
Telephone: (312) 346-2222
kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com

*Interim Co-Lead Counsel for Plaintiffs*

Robert M. Foote (3124325)
Kathleen C. Chavez (6255735)
Elizabeth C. Chavez (6323726)
Bret K. Pufahl (6325814)
**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC**
10 W. State Steet, Suite 200
Geneva, IL 60134
rmf@fmcolaw.com
kcc@fmcolaw.com
ecc@fmcolaw.com
bkp@fmcolaw.com

*Interim Liaison Counsel for Plaintiffs*

Marc C. Gravino (6188531)
**WILLIAMS MCCARTHY LLP**
P.O. Box 219
Rockford, IL 61105
(815) 987-8936
mgravino@wilmac.com

*Interim Local Facilitating Counsel for Plaintiff*

            */s/ Amanda B. Maslar*

15

## **VERIFICATION**

I, Julie M. Rosales, state that I am an Assistant Secretary of Deere & Company, and as such am authorized to sign this document.

The foregoing Deere & Company's Responses and Objections to Plaintiffs' Amended First Set of Interrogatories have been prepared by others. Upon information and belief, based on their representations, I believe Deere & Company's Responses and Objections to Plaintiffs' Amended First Set of Interrogatories to be true and correct.

EXECUTED on this 21st day of October, 2024

_____
Julie M. Rosales
Assistant Secretary

Subscribed and sworn to before
me this 21st day of October, 2024.

_____
Notary Public

```
OFFICIAL SEAL
TABITHA JOLENE GIBBS
NOTARY PUBLIC - STATE OF ILLINOIS
COMMISSION NO. 994029
My Commission Expires July 23, 2028
```

Confidential with no Personal Information