# EXHIBIT D

COTCHETT PITRE & McCARTHY LLP
840 Malcolm Road
Burlingame, CA 94010


Canadian Pacific Plaza
120 So. 6th Street Suite 2600
Minneapolis, MN 55402


311 S. Wacker Drive,
Suite 5450 Chicago, IL 60606

January 10, 2025

<u>Via Electronic Mail</u>

Tiffany D. Lipscomb-Jackson
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH 43215-2673
tdlipscombjackson@jonesday.com

John M. Majoras
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
jmmajoras@jonesday.com

Corey A. Lee
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
calee@jonesday.com

Amanda B. Maslar
JONES DAY
110 North Wacker, Suite 4800
Chicago, IL 60606
amaslar@jonesday.com

Re: *In Re: Deere & Company Repair Services Antitrust Litig.*,
MDL No. 3030, No. 3:22-cv-50188 (N.D. Ill.)

Dear Counsel,

As you recall, we served notice for the deposition of Joshua Jepsen on July 25, 2024. The reason was that, at his 30(b)(6) deposition, Denver Caldwell testified to being aware only of publicly available financial projections, and he identified Mr. Jepsen as someone who could testify about internal, non-public information of this sort. Mr. Caldwell said he did not consult anyone in the financial community concerning internal projections, and the company thus answered that it did not know if such analyses exist.

You responded for John Deere on July 31, 2024, demanding we withdraw the deposition notice because Mr. Jepsen is an apex witness for whom a deposition would not be appropriate. Among other things, you said: "Plaintiffs have not made a showing as to why Mr. Jepsen's deposition is needed or appropriate. Derived from Federal Rule of Civil Procedure Rule 26, the Northern District of Illinois has adopted a four-part test to protect high-level executives from being deposed when any of the four circumstances exists: "(1) the official has 'no unique personal knowledge of the matter in dispute;' (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *Lee v. City of Chicago*, No. 20 CV 1508, 2021 WL 2399999, at *2

Tiffany D. Lipscomb-Jackson
John M. Majoras
Corey A. Lee
Amanda B. Maslar
January 10, 2025
Page 2

(N.D. Ill. June 11, 2021) (citing *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 868528, at *1 (N.D. Ill. Feb. 21, 2020)).

To address your concerns, we tabled the deposition to make another attempt at obtaining the information to which we are entitled through other means. John Deere, however, has stymied those efforts, requiring us to reinstate Mr. Jepsen's deposition notice.  Specifically, John Deere has responded to narrowly tailored interrogatories and document requests by making mountains of objections, including that the requests are duplicative of other requests they say are duplicative of others, and then says there are no responsive documents.  In addition, while asserting that John Deere "has not conducted internal projections of its financial performance and/or profitability related to the potential impact of Right to Repair and/or Fair Repair bills, laws or legislation for the Relevant Time Period, and therefore [Deere] has no documents responsive" to the requests, such an answer is asserted to be --  but is not --  relevant to Interrogatories 5-6 and their related document requests. Unlike Interrogatories 3-4, Interrogatories 5-6 do not ask whether Deere makes projections specifically addressed to the financial impact of right-to-repair.  Rather, they ask if any of the assumptions or data underlying Deere's financial projections are related to right-to-repair. This is simply not answered by saying Deere does not conduct projections of the effect of right-to-repair on their finances. Furthermore, Plaintiffs do not believe that Deere lacks any responsive documents. John Deere's 2023 Annual Report acknowledges that "regulations and legislation regarding right to repair" could potentially impact its results. This analysis requires certain available information and assumptions, expectations, forecasts, and projections about future events.

Moreover, Mr. Jepsen has other knowledge of relevant facts in this case. As an example, at the 30(b)(6) deposition, Mr. Caldwell was shown DEERE_0578130, which appears to have been a slide deck prepared by Mr. Jepsen or someone under his supervision.  The document contains a statement that severely undermines Deere's position in the case, i.e., "few farmers want to modify code."  Mr. Caldwell, however, testified he had no knowledge of the document and had never seen it before, so we could not ask questions about it. Mr. Jepsen is the right witness for this document, as well as the many others he has authored or received during the relevant time period.

At the end of the day, plaintiffs meet the very burden you laid out for proceeding with Mr. Jepsen's deposition.  Mr. Jepsen has unique personal knowledge of the matter in dispute; the information could not be obtained from the company's 30(b)(6) witness or through interrogatories and document requests; and Deere has made no showing that Mr. Jepsen's sitting for a deposition would impose a hardship in light of his other duties.

Tiffany D. Lipscomb-Jackson
John M. Majoras
Corey A. Lee
Amanda B. Maslar
January 10, 2025
Page 3

Please provide dates for the deposition at your earliest convenience.

                                              Sincerely,

                                              /s/ Kenneth A. Wexler
                                              Kenneth A. Wexler
                                              Margaret Shadid
                                              WEXLER BOLEY & ELGERSMA LLP

                                              /s/ Adam J. Zapala
                                              Adam J. Zapala
                                              Alexander E. Barnett
                                              COTCHETT, PITRE & MCCARTHY, LLPC

                                              /s/ Daniel C. Hedlund
                                              Daniel C. Hedlund
                                              Kaitlyn L. Dennis
                                              GUSTAFSON GLUEK PLLC