# EXHIBIT E

# JONES DAY

901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114

TELEPHONE: +1.216.586.3939 • JONESDAY.COM

Direct Number: 216.586.7171
calee@jonesday.com

January 27, 2025

VIA EMAIL
Adam J. Zapala
Elizabeth T. Castillo
COTCHETT, PITRE &
McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Robert M. Foote
Kathleen C. Chavez
Elizabeth C. Chavez
Bret K. Pufahl
FOOTE, MIELKE,
CHAVEZ & O'NEIL, LLC
10 W. State Steet, Suite 200
Geneva, IL 60134
rmf@fmcolaw.com
kcc@fmcolaw.com
ecc@fmcolaw.com
bkp@fmcolaw.com

VIA EMAIL
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Kaitlyn L. Dennis
GUSTAFSON GLUEK PLLC
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
kdennis@gustafsongluek.com

Dennis J. Stewart
GUSTAFSON GLUEK PLLC
600 W. Broadway, Suite 3300
San Diego, CA 92101
dstewart@gustafsongluek.com

Marc C. Gravino
WILLIAMS MCCARTHY LLP
P.O. Box 219
Rockford, IL 61105
mgravino@wilmac.com

VIA EMAIL
Kenneth A. Wexler
Justin N. Boley
Tyler J. Story
WEXLER BOLEY &
ELGERSMA LLP
311 S. Wacker Dr., Suite 5450
Chicago, IL 60606
kaw@wbe-llp.com
jnb@wbe-llp.com
tjs@wbe-llp.com

Re: *In re: Deere & Company Repair Services Antitrust Litig.*, 3:22-cv-50188, MDL No. 3030 (N.D. Ill.) – Response to Plaintiffs' Reinstated Notice of Deposition for Josh Jepsen

Counsel:

We write on behalf of Deere & Company ("John Deere") in response to Plaintiffs' January 10, 2025 letter regarding Plaintiffs' reinstatement of Mr. Josh Jepsen's Rule 30(b)(1) deposition notice.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Six months ago, in July 2024, Plaintiffs served their initial notice to depose Mr. Jepsen. On July 31, 2024, John Deere responded that it would be inappropriate to depose Mr. Jepsen based on the current status of discovery and under the Seventh Circuit's standard for apex witnesses, as Mr. Jepsen has no unique, relevant information regarding the claims or defenses in this litigation. *See* C. Lee's 07/31/2024 Ltr. to Plaintiffs. As a reminder, Mr. Jepsen—John Deere's Senior Vice President & Chief Financial Officer—is not a custodian in this matter and Plaintiffs had not (and cannot) identified him as the source of any relevant information, let alone unique, relevant information. The parties met and conferred following this exchange, and Plaintiffs agreed to retract the notice of Mr. Jepsen's deposition in order to serve what were supposed to be more targeted discovery requests regarding projections or predictions related to the economic impact of Right to Repair legislation on John Deere. On September 6, 2024, Plaintiffs issued interrogatory requests and requests for production to John Deere, and John Deere timely responded to those requests on October 21, 2024. Plaintiffs never requested to meet and confer regarding John Deere's discovery responses or followed up in any way to identify any alleged deficiencies in those responses. Instead, Plaintiffs waited three more months to reinstate their request to depose Mr. Jepsen.

Yet again, however, Plaintiffs fail to articulate why Mr. Jepsen's deposition is needed or appropriate since their initial attempt to depose him six months ago. [1] In an effort to overcome the Seventh Circuit's rigorous four-part test to protect high-level executives from being unnecessarily deposed (none of which Plaintiffs comes close to meeting), Plaintiffs instead attempt to manufacture Mr. Jepsen's knowledge of unique relevant information for this litigation by addressing alleged deficiencies in John Deere's interrogatory responses and document productions, citing to John Deere's 2023 Annual Report—which is outside the parties' agreed-to relevant time period—and referencing one document that does not reference or address any financial impact of so-called Right to Repair legislation on John Deere. For the reasons outlined below, Mr. Jepsen's deposition is unwarranted and contrary to well-established Seventh Circuit case law on the apex doctrine.

First, Plaintiffs raise issues with John Deere's Responses and Objections to Plaintiffs' First Set of Interrogatories and Fourth Set of Request for Productions, which were served on October 21, 2024, as a basis to depose Mr. Jepsen, including baselessly claiming that John Deere's responses to Plaintiffs' Requests for Production are incorrect. John Deere vehemently disagrees with Plaintiffs' characterization of John Deere's response to Request for Production No. 73. Indeed, Plaintiffs' only alleged basis for this frivolous accusation is a reference to an Annual Report that was published ***more than one year after the Relevant Time Period in this matter ends***. To the extent Plaintiffs have concerns with John Deere's discovery responses, Mr. Jepsen's deposition is not the means to address those concerns.

---

[1] John Deere does not waive any of its arguments made in the July 31, 2024 letter. John Deere incorporates in full its July 31, 2024 letter to this correspondence.

JONES DAY

January 27, 2025
Page 3

Additionally, Plaintiffs cite to DEERE_0578130 in support of their faulty position, pointing to one sentence in this 192-page presentation, stating that Mr. Jepsen has knowledge of relevant facts in this litigation. Plaintiffs fail to establish that Mr. Jepsen has knowledge regarding facts related to this statement, let alone that Mr. Jepsen has knowledge that is ***uniquely personal and cannot be garnered from other witnesses or discovery methods***. *See Lee v. City of Chicago*, No. 20 CV 1508, 2021 WL 2399999, at *2 (N.D. Ill. June 11, 2021). This presentation does not contain any information on the potential financial impact of Right to Repair legislation on John Deere, which is Plaintiffs' entire alleged basis for deposing Mr. Jepsen.

What is more, to the extent Plaintiffs seek Mr. Jepsen's testimony on the identified statement in DEERE_0578130, this testimony would be unreasonably cumulative and duplicative. Rule 26(b)(2)(C)(i) restricts discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Plaintiffs have now deposed 10 John Deere current or former employees—pursuant to Rule 30(b)(1) and/or Rule 30(b)(6)—in which Plaintiffs questioned or had the opportunity to question these employees on John Deere's position related to a farmer's ability to tamper and/or modify equipment. *See, e.g.*, L. Gakstatter's Dep. Tr. at 117:5—120:3, 125:13—22, 162:6—164:5; G. Suhre Dep. Tr at 19:13—22:11, 25:1—26:13, 78:8—79:5.

Indeed, Mr. Gakstatter repeatedly testified that John Deere does not support the ability to modify equipment, and Mr. Suhre extensively testified to John Deere's compliance with making its equipment tamper resistant. This testimony—along with others— touches on the exact issue in the statement identified by Plaintiffs in DEERE_0578130. As such, any additional testimony that Mr. Jepsen may provide on this statement is not necessary and duplicative of clear testimony, as well as discovery responses and productions already provided by John Deere in this litigation. *See Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175, 2021 WL 12094206, at *5 (N.D. Ill. Oct. 26, 2021) ("[T]he logical underpinnings of the apex doctrine seeks to prevent a high-ranking corporate executive from being run through the wringer of civil discovery, when they do not have personal knowledge of the relevant facts; in other words, to protect apex employees from annoyance, embarrassment, oppression, or undue burden or expense as contemplated by Rule 26(c)(i).") (denying plaintiff's motion to compel a deposition of Amazon's CEO). Plaintiffs fail to meet the basic showing that any testimony that Mr. Jepsen would provide would not be unreasonably duplicative and cumulative as cautioned against in Rule 26(b)(2)(C)(i), much less do Plaintiffs meet the heightened four-part standard in *Lee v. City of Chicago* to depose Mr. Jepsen as an apex witness.

John Deere maintains that Mr. Jepsen lacks any unique personal knowledge regarding the issues in this litigation to require him to sit for a deposition. Accordingly, John Deere again requests that Plaintiffs withdraw their reinstated Notice of Deposition for Mr. Jepsen. To the extent Plaintiffs do not withdraw their Notice of Deposition, John Deere intends to seek a motion for

**JONES DAY**

January 27, 2025
Page 4

protective order barring the deposition of Mr. Jepsen for reasons including those outlined above and in John Deere's July 31, 2024 letter.

    We remain committed to working to resolve this issue, and we are available to meet and confer.

Regards,

*/s/ Corey A. Lee*

Corey A. Lee

cc:    John M. Majoras
        Tiffany D. Lipscomb-Jackson
        Amanda B. Maslar