UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | Case No.: 3:22-cv-50188<br><br>MDL No. 3030<br><br>Hon. Iain D. Johnston |

**ORDER GRANTING STIPULATION AND
JOINT MOTION FOR ENTRY OF AN ORDER REGARDING EXPERT DISCOVERY**

Before the Court is Parties' Stipulation and Joint Motion for Entry of an Order Regarding Expert Discovery. After review,

**IT IS HEREBY ORDERED** that Parties' Stipulation and Joint Motion for Entry of an Order Regarding Expert Discovery is **GRANTED** as follows:

The undersigned Parties have met and conferred and agree to this Stipulation and Joint Motion regarding the timing and scope of any Expert discovery in this matter for all purposes, including as relates to class certification and/or the Parties' disclosures and discovery pursuant to Federal Rule of Civil Procedure 26. To the extent that this Stipulation imposes limitations on discovery beyond those of the Federal Rules of Civil Procedure, the Parties have agreed to such limitations; however, nothing herein is intended to expand the scope of discovery permitted by the Federal Rules nor expand the obligations associated with experts disclosed under Rule 26(a)(2)(C). Except as provided otherwise in this Stipulation, Expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule.

1. **Definitions**: For purposes of this Stipulation, the following definitions apply:

    a. "Communication" means any oral, typed, written, verbal, or non-verbal communications of any kind, in any format.

      b.      "Counsel" includes both outside and in-house counsel, as well as their support staff, acting in a legal capacity for a Party.

      c.      "Document" has the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a).

      d.      "Expert" refers to any witness who is proffered by a Party as an expert witness under Rule 702 of the Federal Rules of Evidence. For avoidance of doubt, the term "Expert" does not include non-testifying experts or consulting experts whom the Parties agree shall not be the subject of discovery or disclosure requirements.

      e.      "Party" (plural, "Parties") means any party to this case.

2.    **Expert Disclosures**: Any Expert who provides a written expert report, affidavit, or declaration must include in their report, affidavit, or declaration: (a) a complete statement of all opinions the Expert will express and the basis and the reasons for them; and (b) the facts, data, or other information upon which the Expert relied in forming their opinions. Within three (3) business days of any Party serving any Expert report, affidavit, or declaration, the Party or Parties proffering the Expert shall produce the following Documents and information:

      a.      A list by Bates number of any and all Documents relied upon by the Expert to the extent the Documents previously were produced as part of discovery in this case, including the Bates numbers of any underlying data;

      b.      Copies of any and all materials, including Documents, relied upon by the Expert that were not previously produced and are not readily available publicly;

    c.     A list of materials, including Documents, relied upon by the Expert that are readily available publicly and which have not previously been produced, provided that copies of such listed materials need only be produced upon request;

    d.     Any notes, summary, or recording made by an Expert or a person working at the Expert's direction of any conversation between an Expert and any percipient witness in which the Expert learns facts on which he or she relies in arriving at an opinion. For the avoidance of doubt, if any such notes, summary, or recording of a conversation within the scope of this subsection exist only in a draft report, then only the notes, recording, or summary in that draft report will be subject to discovery, and the remainder of the draft report will be redacted.

    e.     The Expert's qualifications, including a list of all publications authored by the Expert since January 1, 2015 and, upon request, copies of any such publications (or the relevant portions authored by the Expert);

    f.     A list of all other cases in which, since January 1, 2018, the Expert testified at trial or by deposition, including the court, case name, and case number;

    g.     A statement of the Expert's compensation in the Action; and

    h.     For all calculations referenced in the final report(s), all underlying data, programs, spreadsheets, computerized regression analyses, and other underlying reports and schedules sufficient to reconstruct the Expert's work, calculations, and analyses, including all proprietary programs and

codes necessary to replicate the calculations from the initial ("raw") data files, and the intermediate working data files that are generated from the raw data files and used in performing the calculations referenced in the final report(s) ("Backup Materials"). The production of Backup Materials includes all final data—whether previously produced as part of the discovery in this case or derived from such discovery—used by the Expert, his or her computer code, or both, to generate the empirical results.

The above-referenced Documents and information shall be produced electronically where appropriate, including but not limited to where production in non-electronic form would result in any loss of data or other information relied on or a significant reduction in accessibility. For the avoidance of doubt, the disclosure requirement above does not apply to any demonstratives that a party may create for future court hearings or trial. The use and disclosure of expert demonstratives at trial will be governed by a pre-trial stipulation or order.

3. **Non-Discoverable Information**: The Parties agree that Documents and information upon which the Expert did not rely in forming the opinion(s) in the expert report, affidavit, or declaration, shall <u>not</u> be the subject of discovery, including but not limited to:

   a. Communications between Counsel for a Party and that Party's Expert;

   b. Communications between Counsel for a Party and that Party's non- testifying experts;

   c. Communications between Counsel for a Party and that Party's Experts' staff and supporting firms or vendors;

      d.      Communications between an Expert and non-testifying experts retained by the same Party;

      e.      Communications between non-testifying experts retained by the same Party;

      f.      Communications between an Expert and the Expert's own staff;

      g.      Drafts of any expert report, affidavit, or declaration, including any draft exhibits;

      h.      Summaries, notes, drafts, or other types of preliminary work materials created by, or for, an Expert, or their staff, employees, consultants, or contractors working at their direction; and

      i.      Data formulations, data runs, data analyses, or any database-related operations except for the intermediate working data files covered by Backup Materials under 2(h).

4. **Privilege Log**: The Parties do not need to include any information excluded from discovery under Paragraph 3 of this Stipulation on any privilege log.

5. **Voluntary Production**: Subpoenas (for depositions or Documents) do not need to be served on any Expert. Instead, the Party proffering an Expert will (a) be responsible for producing all materials and information subject to discovery, and (b) make the Expert available for deposition at a time mutually agreeable to by the Parties and consistent with the Court's scheduling orders.

6. **Depositions**: This Stipulation does not preclude reasonable questions at deposition related to an expert witness's compensation, or to the number of hours the expert witness expended in preparing his or her opinion(s).

7. **Objections**: Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's expert witness report or opinion(s) or other materials, or to the qualification of any person to serve as an expert witness.

8. **Amendment**: This Stipulation may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

The Parties agree to comply with this Stipulation.

**IT IS SO ORDERED**.

Signed on this 2nd day of July, 2025.

                                              HONORABLE IAIN D. JOHNSTON
                                        UNITED STATES DISTRICT COURT JUDGE