**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

<table>
<tr><td>

FEDERAL TRADE COMMISSION, ET AL.,

              Plaintiffs,

              v.

DEERE & COMPANY,

              Defendant.

</td><td>

Case No. 3:25-cv-50017

Hon. Iain D. Johnston

</td></tr>
<tr><td>

IN RE: DEERE & COMPANY REPAIR
SERVICES ANTITRUST LITIGATION

</td><td>

Case No. 3:22-cv-50188
MDL No. 3030

Hon. Iain D. Johnston

</td></tr>
</table>

<u>**MOTION OF AGCO CORPORATION FOR RECONSIDERATION AND STAY**</u>

Pursuant to Fed. R. Civ. P. 54(b), AGCO Corporation ("AGCO") respectfully moves for reconsideration of the Court's August 8, 2025 Memorandum Opinion and Order (Case No. 3:25-cv-50017, ECF No. 180; Case No. 3:22-cv-50188, ECF No. 292, hereinafter "Order") and for a stay of production of AGCO's Contested Documents pending resolution of this motion.[1]

---

[1] Because the Court entered substantively identical Orders in both dockets, this Motion cites to ECF No. 180 in Case No. 3:25-cv-50017 for ease of reference.

## I.   INTRODUCTION

Reconsideration is warranted because the Court's Order relies on a material factual misstatement concerning the Association of Equipment Manufacturers ("AEM") and Hargrove & Associates ("Hargrove"). The Court stated that AEM (or Hargrove) filed a motion to quash in federal district court, which the FTC resolved by withdrawing its Civil Investigative Demand ("CID"). In fact, only Hargrove filed a petition, it was filed with the FTC itself, and it was resolved entirely within the FTC's administrative process without any federal court filing or ruling.

This error is material because it implies that other CID recipients obtained judicial relief and that AGCO and the OEMs should have pursued the same course. Correcting this misstatement eliminates a premise that does not accurately reflect the record and bears directly on the Court's assessment of AGCO's options and conduct during the pre-complaint investigation.

## II.   LEGAL STANDARD FOR RECONSIDERATION

Under Rule 54 of the Federal Rules of Civil Procedure, "any order ... that adjudicates fewer than all the claims ... does not end the action as to any of the claims or parties and may be revisited at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Courts may grant motions for reconsideration "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The rule allows courts to correct their own errors and avoid unnecessary appellate procedures. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). It does not allow a disappointed party to reargue matters already argued and disposed of or raise new arguments that should have been made earlier. *See Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

### III. THE COURT'S RELIANCE ON A MATERIAL FACTUAL ERROR WARRANTS RECONSIDERATION

The Order relies on a material misstatement concerning the AEM and Hargrove. In footnote 5, the Court noted that "[t]he FTC's CID may have been served on the Association's third party (Hargrove & Associates), not the Association. Counsel's representations on this were somewhat contradictory. But the larger point remains: The FTC sought critical documents from a third party; the third party sought protection *from a court*; and the FTC withdrew the request, thereby negating the need to produce the documents." (ECF No. 180 at 5 n.5 (emphasis added).) The Court later reiterated the point, stating that the OEMs "produced the information without seeking protection from a federal court—as the AEM (or Hargrove & Associates) did—and with full knowledge that there was a good chance these documents would be disclosed in subsequent litigation." (*Id*. at 12.)

The record makes clear, however, that this description is inaccurate in two important respects. First, as noted in the OEMs' Motions,[2] it was Hargrove, not AEM, that filed a petition to quash, and that petition was submitted directly to the FTC under the agency's procedural rules. Second, and critically, Hargrove never "sought protection from a court"; the FTC resolved the matter internally without any judicial filing or ruling.

The FTC's public docket confirms this sequence.[3] On October 16, 2024, Hargrove submitted its Petition to Quash or Limit Civil Investigative Demand directly to the FTC, which the

---

[2] *See* CNH Mot. for Protective Order, ECF No. 78 at 8 n.2; AGCO Mot. for Protective Order, ECF No. 84 at 9 n.25 (incorporating CNH's arguments at 4–12 by reference).

[3] Pursuant to Fed. R. Evid. 201(b)(2), AGCO respectfully requests that the Court take judicial notice of the FTC's official public docket, which confirms that Hargrove's petition was filed directly with the FTC and resolved administratively. *See also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (courts may take judicial notice of information made publicly available by government agencies on official websites, where accuracy is not subject to reasonable dispute).

3

agency posted in its "Petitions to Quash" docket.[4] On November 21, 2024, Hargrove submitted a letter withdrawing its petition as moot, noting that the FTC "will no longer be seeking manufacturer data from HAI."[5]

This misstatement is material. The Order's account implies that other CID recipients obtained relief in federal court and that the OEMs should have pursued the same course. (*See, e.g.,* ECF No. 180 at 5 n.5; *id.* at 12 ("And the OEMs produced the information without seeking protection from a federal court—as the AEM (or Hargrove & Associates) did—and with full knowledge that there was a good chance these documents would be disclosed in subsequent litigation.")). In fact, no such judicial avenue was used or granted in the Hargrove matter.

Correcting this factual error will correct a premise that does not accurately reflect the record and directly bears on the Court's assessment of AGCO's options and conduct during the pre-complaint investigation. At a minimum, the Court should amend the Order to accurately reflect the record.[6]

## IV.    REQUESTED RELIEF

Accordingly, AGCO respectfully requests that the Court:

1.    Grant reconsideration of the Court's August 8, 2025 Orders (Case No. 3:25-cv-50017, ECF No. 180; Case No. 3:22-cv-50188, ECF No. 292);

---

[4] *See* Hargrove & Associates, Inc.'s Petition to Quash or Limit the Civil Investigative Demand (Oct. 16, 2024) at 8–9, *available at* https://www.ftc.gov/legal-library/browse/cases-proceedings/petitions-quash/hargrove-associates-incs-petition-quash-or-limit-civil-investigative-demand.

[5] *See* Letter from Diane Hazel, Foley & Lardner, Withdrawing the Petition to Quash as Moot (Nov. 21, 2024), *available at* https://www.ftc.gov/legal-library/browse/cases-proceedings/petitions-quash/hargrove-associates-incs-petition-quash-or-limit-civil-investigative-demand-0.

[6] The Order also appears to contain a clerical citation error. It cites "FTC, et al. v. GTCR, LLC, et al., 25-cv-2391, Dkt. 177, at 4" twice. That docket entry is the FTC's memorandum, not the Court's order. The Court appears to have intended to cite "Dkt. 196."

2. Amend the Order to reflect that only Hargrove filed a petition to quash, that the petition was filed with the FTC, and that it was resolved entirely within the FTC's administrative process without any federal court filing or ruling; and

3. Stay production of AGCO's Contested Documents pending resolution of this motion, to preserve AGCO's ability to seek meaningful review before its competitively sensitive information is irretrievably disclosed.

Because the Order rests in part on a material factual misstatement, AGCO respectfully requests that the Court grant reconsideration and correct the record before requiring disclosure.

Dated: August 18, 2025                                   Respectfully submitted,

                                                        */s/ Steven Jacob Carroll*
                                                        Steven Jacob Carroll
                                                        NELSON MULLINS RILEY & SCARBOROUGH LLP
                                                        jake.carroll@nelsonmullins.com
                                                        201 17th Street NW, Suite 1600
                                                        Atlanta, GA 30363
                                                        404-322-6298
                                                        *Counsel for AGCO Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 18, 2025, a true and correct copy of AGCO's Motion for Reconsideration and Stay was electronically filed using the Court's CM/ECF system, which will generate and transmit a Notice of Electronic Filing to all registered filing users and thereby constitute service per LR 5.5.

*/s/ Steven Jacob Carroll*
Steven Jacob Carroll
