**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

|  |  |
|---|---|
| IN RE: DEERE & COMPANY REPAIR SERVICES ANTITRUST LITIGATION | MDL No. 3030<br><br>Case No.: 3:22-cv-50188<br><br>Hon. Iain D. Johnston |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**WITH DEFENDANT DEERE & CO., CERTIFYING THE PROPOSED SETTLEMENT**
**CLASS, APPROVING THE PLAN TO NOTIFY THE SETTLEMENT CLASS, AND**
**PROVIDING RELATED RELIEF**

WHEREAS, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e), Plaintiffs have filed a Motion for Preliminary Approval of Settlement with Defendant Deere & Co., Certification of the Proposed Settlement Class, Approval of the Plan to Notify the Settlement Class, and Related Relief (the "Motion").

WHEREAS, the Court has reviewed and considered the Motion, its accompanying Memorandum and the Exhibits thereto, and the Settlement Agreement dated March 6, 2026;

NOW, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** as follows**:**

**<u>Jurisdiction</u>**

1. This Court has subject-matter jurisdiction over this Action [1] and personal jurisdiction over each of the Parties to the Settlement Agreement.

---

[1] Unless otherwise defined herein, this Order incorporates by reference the definitions in the Settlement Agreement, which is attached as Exhibit A to the Joint Declaration of Kenneth A. Wexler, Daniel C. Hedlund, and Adam J. Zapala in Support of the Motion ("Joint Decl.").

**<u>Preliminary Approval of the Proposed Settlement</u>**

2.      Upon review of the record, the Court finds that the proposed Settlement Agreement, which was the result of arm's-length negotiations by highly experienced counsel and arrived at with the assistance of experienced mediators, meets all factors under Rule 23(e)(2) and will therefore likely be granted final approval by the Court.

3.      Subject to further consideration at the Fairness Hearing, the Court finds that the Settlement encompassed by the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e) such that notice of the Settlement should be given.

4.      The Court finds further that the proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable, and adequate, and which reflects those considerations.

5.      The Court preliminarily approves the proposed Plan of Allocation as fair, reasonable, and adequate.

6.      The Court appoints Associated Bank to serve as the Escrow Agent in this case. All expenses incurred by the Escrow Agent must be reasonable and shall be payable solely from the Settlement Fund.

7.      The Court approves the establishment of the Settlement Fund as a qualified settlement fund ("QSF") within the meaning of Treas. Reg. § 1.468B-1 and retains continuing

jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF.

8.     The Settlement Amount held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court. It shall remain subject to the jurisdiction of the Court, until such time as it shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court. No disbursement shall be made from the Settlement Fund without prior written approval of the Court.

### **Preliminary Certification of the Settlement Class**

9.     The Court finds preliminarily that the proposed Settlement Class meets the requirements of Rule 23(a). Specifically, the Court finds that (1) the Settlement Class certified herein consists of members estimated to be well in excess of 200,000, and joinder of all such members would be impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives[2] are typical of the claims of the Settlement Class they seek to represent because, *inter alia*, they allege on behalf of the Settlement Class the same manner of injury from the same course of conduct of which they complain themselves; (4) the Class Representatives are adequate representatives of the Settlement Class because they have the same interest and injury as other Class Members and have vigorously pursued this litigation since its inception; and (5) the Settlement Class is ascertainable because it is defined clearly and is based on objective criteria.

10.     The Court further finds preliminarily that the Settlement Class meets the requirements of Rule 23(b)(3) because questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Class Members. The issues in this Action

---

[2] Plum Ridge Farms, Ltd.; Colvin Farms, LLC; England Farms & Harvesting, LLC; Hapka Farms, Inc.; Eagle Lake Farms Partnership; and Blake Johnson.

are subject to generalized proof, and thus applicable to the Settlement Class as a whole, and such issues predominate over those issues that are subject only to individualized proof. The Court further finds that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action.

11. This Court preliminarily certifies, for settlement purposes only, a Settlement Class defined as:

> All persons and entities who purchased Repair Services for Deere Large Agricultural Equipment from John Deere or its authorized Dealers in the United States between January 10, 2018 and the date of preliminary approval of this Agreement.

Excluded from the Settlement Class are all governmental entities; Deere and any parent, subsidiary, or affiliate thereof; Deere's officers, directors, employees, and immediate families; and any judicial officer presiding over this action and the members of his/her judicial staff and immediate family.

12. The Court appoints Plaintiffs Plum Ridge Farms, Ltd., Colvin Farms, LLC, England Farms & Harvesting, LLC, Hapka Farms, Inc., Eagle Lake Farms Partnership, and Blake Johnson as Class Representatives for the Settlement Class.

13. Pursuant to Rules 23(c)(1)(B) and 23(g), the Court appoints the following law firms as Settlement Class Counsel: Wexler Boley & Elgersma LLP, Gustafson Gluek PLLC, and Cotchett, Pitre & McCarthy, LLP.

**Approval of the Notice Plan**

14. The Court approves Plaintiffs' program to notify Settlement Class members of this Settlement (the "Notice Plan") as set forth in Plaintiffs' Supplemental Motion and supporting Declarations. The Notice Plan includes, *inter alia*, notice by direct mail and email, publication

4

notice to Settlement Class members, and the establishment of a Settlement website for purposes of facilitating the dissemination of notice and other information about this Action to the Class: www.DeereRepairSettlement.com (the "Settlement Website"). This Notice Plan complies with Rule 23(c)(2)(B) and due process, is otherwise fair and reasonable, and constitutes the best notice that is practicable under the circumstances. Plaintiffs are authorized to amend the Notice Plan to add, remove, or clarify content, as circumstances require, without further order of this Court.

15.     The proposed notice documents and their manner of transmission comply with Rule 23(c)(2)(A) and 23(c)(2)(B) and constitutional due-process requirements because the notices and forms are clear and concise and are reasonably calculated to adequately apprise Settlement Class members of: (i) the nature of the Action; (ii) the definition of the certified Settlement Class; (iii) the Class claims, issues, and defenses; (iv) the Settlement terms and releases; (v) that a Class member may enter an appearance through an attorney if the member so desires; (vi) that the Court will exclude from the Settlement Class any Class Member who timely requests such exclusion; (vii) the time and manner for requesting exclusion; (viii) the binding effect of a class judgment on members under Rule 23(c)(3); (ix) Settlement Class Counsel's application for attorneys' fees, litigation expenses, and service awards for the Class Representatives; and (x) the time, place, and right to appear at the Fairness Hearing. Non-material modifications to the Class Notices and Claim Forms can be made without leave of the Court.

16.     The Court appoints Angeion Group, LLC to serve as the notice and claims administrator in this case ("Settlement Administrator"). The Settlement Administrator is directed to implement the Notice Plan, to process and review timely submitted claims, and to submit any requested declarations and other materials to counsel and the Court, as well as to perform any other

duties required under the Settlement Agreement. All expenses incurred by the Settlement Administrator must be reasonable and shall be payable solely from the Settlement Fund.

17.     The Settlement Administrator shall commence notice within 60 days of this Order preliminarily approving the Settlement ("Notice Date").

18.     Deere shall comply with its obligation to give notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### Fairness Hearing

19.     The Court will hold the Fairness Hearing at <u>10:00 AM</u> on <u>October 29, 2026</u> at the Stanley J. Roszkowski U.S. Courthouse, 327 South Church Street, Rockford, IL 61101, Courtroom 5200, for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court; (ii) to determine whether the proposed Order and Final Judgment should be entered dismissing the Action with prejudice; (iii) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether any application for attorneys' fees, reimbursement of litigation expenses, and service awards for Class Representatives should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Fairness Hearing shall be given to Settlement Class members as set forth in ¶¶ 14-18 of this Order.

20.     The Court reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to Settlement Class members other than entry of an Order on the Court's docket. In such event, however, Settlement Class Counsel are directed to instruct the Settlement Administrator to post notice of any such adjournment on the Settlement Website.

21. Following the Fairness Hearing, the Court may approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and may enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees, litigation expenses, and/or service awards.

### Requests for Exclusion

22. Any member of the Settlement Class who or which does not wish to participate in the monetary recovery under the Settlement shall have until 60 days after the Notice Date to request to opt-out of and be excluded from the Class.

23. Settlement Class members shall not be permitted to exclude other Class Members. Moreover, group or class-wide exclusions shall not be permitted. A request for exclusion must be submitted by each Settlement Class member on an individual basis, and any request for exclusion by a purported authorized agent or representative of a Class Member must include proof of the representative's legal authority and authorization to act and request exclusion on behalf of each Class Member for which the representative requests exclusion.

24. A Settlement Class member may opt out of the Settlement by sending a written request to the Settlement Administrator at the following address: Deere Repair Services Antitrust Litigation, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102. Requests should be sent: (i) by first-class U.S. mail with postage prepaid and postmarked on or before the exclusion deadline, or (ii) by overnight, registered, or certified mail delivery as shown by receipt as sent on or before the exclusion deadline. To be effective, the written request must be timely and must provide all of the following information:

    a. The case name and number;

b. The full name, current mailing address, telephone number, and email address of the person or entity seeking exclusion from the Settlement Class;

c. A statement that the person or entity wants to be excluded from the Class for monetary relief; and

d. The Settlement Class member's signature if the Class member is an individual, or if the Class member is an entity, a signature from the authorized representative of the entity along with a statement of that representative's position or authority by which he or she has the power to exclude the entity from the Class for damages relief.

25. Settlement Class Counsel and the Settlement Administrator have the right to request additional information from any person or entity requesting exclusion, including documentation establishing membership in the Settlement Class. Failure to adequately response to any such requests shall invalidate the request for exclusion.

26. A request for exclusion that does not include all the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid. The Settlement Class member filing such an invalid request shall remain in the Settlement Class and shall be bound by the Settlement, if the Settlement is approved.

27. Within ten days of the exclusion deadline, Settlement Class Counsel will cause copies of all timely requests for exclusion to be provided to Deere's counsel.

## Objections

28. Any Settlement Class member who does not submit a request for exclusion shall have until 60 days after the Notice Date to submit an objection to: (i) the Settlement Agreement,

(ii) the Plan of Allocation, and/or (iii) the request for attorneys' fees, litigation expenses, and service awards.

29. To object, a Settlement Class member must: (i) send a written statement of objections by first-class U.S. mail and postmarked on or before the objection deadline, or by overnight, registered, or certified mail delivery as shown by receipt as sent on or before the objection deadline, to the Clerk of the United States District Court for the Stanley J. Roszkowski U.S. Courthouse, 327 South Church Street, Rockford, IL 61101, and (ii) send a copy of the statement of objections to the following designees of Settlement Class Counsel and Defendant's Counsel, by first-class U.S. mail and postmarked on or before the objection deadline, or by overnight, registered, or certified mail delivery as shown by receipt as sent on or before the objection deadline:

| Class Counsel | Counsel for John Deere |
|---|---|
| Kenneth A. Wexler<br>**Wexler Boley & Elgersma LLP**<br>311 South Wacker Drive,<br>Suite 5450<br>Chicago, Illinois 60606<br><br>Daniel E. Gustafson<br>**Gustafson Gluek PLLC**<br>120 South Sixth Street<br>Suite 2600<br>Minneapolis, MN 55402<br><br>Adam J. Zapala<br>**Cotchett, Pitre & McCarthy LLP**<br>840 Malcom Road<br>Burlingame, CA 94010 | Tiffany D. Lipscomb-Jackson<br>**JONES DAY**<br>325 John H. McConnell Boulevard,<br>Suite 600<br>Columbus, OH 43215-2673<br><br>Meaghan Thomas-Kennedy<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111-6538 |

The Clerk's Office shall file on the public docket all objections so received.

9

30.     The Objector's written statement of objections must provide the following information:

a.  the Objector's full name, current mailing address, email address, and telephone number, along with the name, address, and telephone number of any attorney representing the Objector;

b.  documentation establishing membership in the Settlement Class;

c.  a statement detailing the specific reasons for the objection, along with any materials or documents that are pertinent to the objection;

d.  whether the objection applies only to the Objector, to a subset of the Settlement Class, or to the Settlement Class as a whole;

e.  whether the Objector intends to appear, either in person or through counsel, at the Fairness Hearing;

f.  a list of all class-action settlements to which the Objector and/or the Objector's counsel have previously objected, including the full case name, the jurisdiction in which it was filed, and the docket number; and

g.  the Objector's signature.

If the Objector and/or Objector's counsel have not previously objected to any other class-action settlement in the United States, they shall affirmatively so state in the objection.

31.     Subject to approval of the Court, any Settlement Class member who has properly filed a timely objection may appear, in person or through counsel, at the Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for award of attorneys' fees, costs, expenses, and/or service awards. To appear, the Settlement Class member must, no later than the objection deadline, file with the Court

and send to the designees of Settlement Class Counsel and Deere's Counsel identified above—by first-class mail and postmarked on or before the objection deadline or by overnight, registered, or certified mail delivery as shown by receipt as sent on or before the objection deadline—a separate Notice of Intention to Appear at the Fairness Hearing. The Notice of Intention to Appear must be signed by the Objector and shall identify by name, position, address, email address, and telephone number each person who intends to appear at the Fairness Hearing on behalf of the Objector. The Notice of Intention to Appear must also include copies of any supporting papers, exhibits, or other evidence and the identity of all witnesses that the Objector (or the Objector's Counsel) intends to present to the Court in connection with the Fairness Hearing.

32.     Any lawyer representing a Settlement Class member for purpose of objections must file a Notice of Appearance with the Court using the Court's Case Management/Electronic Case Files (CM/ECF) System.

33.     Settlement Class members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement by appearing at the Fairness Hearing, or through appeal, collateral attack, or otherwise. If a Settlement Class member does not submit a timely written objection and Notice of Intention to Appear, the Settlement Class member will not be able to participate in the Fairness Hearing, whether in person or by counsel.

### Motions for Attorneys' Fees and Final Approval

34.     Plaintiffs shall file their Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Fee Motion") no later than 30 days before objections and opt-outs are due.

35.     Plaintiffs shall file their Motion for Final Approval of the Settlement and Reply in Support of their Fee Motion no later than 67 days after the Notice Date.

11

**Claim Submissions**

36.     Settlement Class members who wish to receive a distribution from the Net Settlement Fund must complete and submit a claim form in accordance with the instructions contained therein. Unless the Court orders otherwise, all claims must be submitted no later than 90 days after the Notice Date.

**Rescission of the Settlement Agreement**

37.     If the Court refuses to approve this Agreement or any part of the Agreement, including, but not limited to, if the Court does not finally certify the Settlement Class, or if such approval is modified or set aside on appeal, or if the Court does not enter final judgment dismissing the Action with prejudice on the Effective Date as to Deere and without costs other than those provided for in this Agreement, or if the Court enters such final judgment and appellate review is sought, and on such review, this final judgment is not affirmed in its entirety, then Deere and Settlement Class Counsel shall each, in their sole discretion, have the option to rescind the Settlement Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of the Settlement Agreement. Upon rescission, the Settlement Fund (less expenses paid or incurred in connection with notice and administration) shall be restored and returned to Deere pursuant to the terms of the Settlement Agreement, and the Parties will be deemed to have reverted and been restored to their respective positions in the Action as of March 5, 2026.

**Other Provisions**

38.     All proceedings in this Action are hereby stayed, except proceedings for purposes of effectuating the Settlement, until the Court renders a final decision regarding approval of the

12

Settlement and, if the Court approves the Settlement, enters an Order and Final Judgment and dismisses the Action with prejudice as of the Effective Date.

39.     Based on the foregoing, the Court sets the following schedule for the Fairness Hearing and the actions preceding it. If any deadline set forth in this Order falls on a weekend or a federal holiday, then such holiday shall be extended to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class members must check the Settlement Website regularly for updates and further details regarding this settlement.

| Event | Deadline for Compliance | Date |
|---|---|---|
| Notice to Settlement Class Commences ("Notice Date") | 60 days after entry of Preliminary Approval Order | July 14, 2026 |
| Deadline for Fee Motion | No later than 30 days before deadline for Opt-Outs and Objections | August 14, 2026 |
| Opt-Out Deadline | 60 days after Notice Date | September 14, 2026 |
| Objection Deadline | 60 days after Notice Date | September 14, 2026 |
| Deadline for Plaintiffs to file Motion for Final Approval of Settlement and Reply in Support of Fee Motion | 67 days after Notice Date | September 21, 2026 |
| Deadline for filing Claim Forms | 90 days after Notice Date | October 12, 2026 |
| Fairness Hearing | To be set at the Court's discretion no earlier than 91 days after the Notice Date | October 29, 2026 at 10:00 AM |

**IT IS SO ORDERED.**

DATED: May 18, 2026

_____
IAIN D. JOHNSTON
United States District Judge

13