**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Western Division**

Deere & Company Repair Services Antitrust
Litigation, et al.

                                    Plaintiff,

v.                                               Case No.:
                                                 3:22−cv−50188
                                                 Honorable Iain D.
                                                 Johnston

Deere & Company

                                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**


This docket entry was made by the Clerk on Friday, August 7, 2026:


      MINUTE entry before the Honorable Iain D. Johnston: On July 28, 2026, Wilson Farms filed a motion asking the Court to set a briefing schedule on the amended preliminary approval of the class settlement. The remaining named plaintiffs responded to that motion the same day it was filed. On July 29, 2026, the Court issued a Rule to Show Cause and directed Wilson Farms to identify, by August 5, 2026, any authority allowing the Court to consider Wilson Farms' motion. On August 5, 2026, Wilson Farms asked for one−day extension. On August 6, 2026, the Court granted that motion. Today is August 7, 2026. No response to the Rule to Show Cause has been filed. In its July 28 motion, Wilson Farms quoted Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981) for the proposition that "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Not quoted is the sentence that immediately follows: "But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules." Id. Despite hinting at potential misconduct by class counsel, Wilson Farms has provided no evidence to support the charge. Wilson Farms announced its intent to file a supplemental brief addressing "serious concerns about self−dealing and inadequate representation by Class Counsel," dkt. 348 at 7−8, but it hasn't filed such a brief. Despite the Court's Rule to Show Cause and the language of Gulf Oil Co., Wilson Farms hasn't identified any provision in the Rules of Civil Procedure to support its motion. Ultimately, some of the objections Wilson Farms identified in its motion have been addressed in the amended preliminary approval order. Others remain the proper subject of an objection. Indeed, Wilson Farms has objected to the proposed class settlement and remains free to do so. It isn&#039;t free to stop the preliminary approval of the class settlement as an absent class member. Wilson Farms' motion to set a briefing schedule [359] is denied. The Settling Plaintiffs are directed to send a preliminary approval order with revised deadlines to the proposed order inbox. (yxp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.